**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert John BYRD, Defendant–Appellant.**

**No. 91–50578.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1991.

Decided Jan. 23, 1992.

---

**8.** The prior testimony must also bear "indicia of reliability." *Ohio v. Roberts*, 448 U.S. 56, 65–66, 100 S.Ct. 2531, 2538–39, 65 L.Ed.2d 597 (1980). Testimony made under oath, subject to cross-examination and with counsel present meets this requirement. *Dres*, 784 F.2d at 1001.

D. Wayne Brechtel, Solana Beach, California, for the defendant-appellant.

Roger W. Haines, Jr., Asst. U.S. Atty., San Diego, Cal., argued (Linda F. Thome, U.S. Dept. of Justice, Washington, D.C., on the brief), for plaintiff-appellee.

Before BROWNING, BOOCHEVER and REINHARDT, Circuit Judges.

## PER CURIAM:

Robert John Byrd and his co-conspirators were responsible for three years of threatening, anti-Semitic telephone calls to a Jewish business owner in National City, California. Byrd pled guilty to one misdemeanor count of conspiring to interfere with federally protected activities, *see* 18 U.S.C. §§ 245, 371 (1988), and was sentenced to 10 months in prison. Byrd appeals his sentence, and we affirm.

The district court determined the Sentencing Guidelines [U.S.S.G.] section most applicable to Byrd's offense of conviction is § 2H1.3:

> *Use of Force or Threat of Force to Deny Benefits or Rights in Furtherance of Discrimination; Damage to Religious Real Property*
>
> (a) Base Offense Level (Apply the greatest):
>
> > (1) **10,** if no injury occurred; or
> >
> > (2) **15,** if injury occurred; or
> >
> > (3) **2** plus the offense level applicable to any underlying offense
>
> . . . .

Because Byrd made a telephone call threatening to harm the business owner and his wife, the district court found Byrd was responsible for an underlying offense covered by U.S.S.G. § 2A6.1 (Threatening Communications), which provides for a base offense level of 12. Since "2 plus the offense level applicable to" this underlying offense equals 14, the district court applied a base offense level of 14 to Byrd, pursuant to § 2H1.3(a)(3). Byrd disputes this calculation of a base offense level, arguing

he should have received a base offense level of 10, pursuant to § 2H1.3(a)(1).

### A

The first step in calculating a sentence under the Guidelines is to determine the section "most applicable to the offense of conviction." U.S.S.G. § 1B1.2(a). Byrd agrees the district court correctly selected § 2H1.3. Byrd argues, however, that because this section is the one most applicable to his offense of conviction, it was improper for the district court to look to the base offense level for any other Guidelines section. This argument rests on a misunderstanding of the Guidelines. Looking to the base offense level for an underlying offense was necessary to apply § 2H1.3(a) and entirely consistent with § 2H1.3 being the applicable section.

Byrd also argues that under § 1B1.2(a) he may not be punished based on a Guidelines section applicable to an underlying offense unless he has stipulated in his plea agreement to the facts necessary to prove the underlying offense. Section 1B1.2(a), however, governs only the initial selection of the Guidelines section most applicable to the offense of conviction.[1] Byrd concedes the sentencing court performed this initial step correctly by selecting § 2H1.3.

Section 1B1.2(b) states: "After determining the appropriate offense guideline section pursuant to [§ 1B1.2(a)], determine the applicable guideline range in accordance with § 1B1.3 (Relevant Conduct)." Section 1B1.3 (Relevant Conduct) provides that:

> the base offense level *where the guideline specifies more than one base offense level* ... shall be determined on the basis of ... all acts and omissions committed ... by the defendant ... that occurred during the commission of the offense of conviction....

---

1. Section 1B1.2(a) provides:

   *Determine the offense guideline section in Chapter Two (Offense Conduct) most applicable to the offense of conviction (i.e., the offense conduct charged in the count of the indictment or information of which the defendant was convicted). Provided,* however, in the case of a conviction by a plea of guilty or *nolo contendere* containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two most applicable to the stipulated offense.

(emphasis added). Because § 2H1.3 specifies more than one base offense level, the sentencing court was required to select the appropriate base offense level on the basis of Byrd's relevant conduct.

■ Consideration of the threatening telephone call as an underlying offense was not in any way inconsistent with Byrd's plea agreement. The one-count information to which Byrd agreed to plead guilty describes the threatening phone call as an act performed in furtherance of the conspiracy.[2] The Guidelines explain that "the offense of conviction" is "the offense conduct charged in the count of the indictment or information of which defendant was convicted," § 1B1.2(a), so the threatening telephone call was a part of Byrd's offense of conviction. Moreover, Byrd acknowledged during his plea allocution that he had made a threatening telephone call.

■ *United States v. McCall*, 915 F.2d 811 (2d Cir.1990), relied upon by Byrd, does not support his argument. In *McCall*, the court stated it was consistent with a plea agreement to look to a Guidelines section for an underlying offense based on the offense of conviction and facts alleged in the information. 915 F.2d at 815. The information in this case describes the threatening telephone call made by Byrd, and it was part of his offense of conviction. The enhancement of Byrd's sentence on the basis of underlying conduct did not deprive Byrd of the benefit of his plea bargain. By pleading guilty to a misdemeanor violation of 18 U.S.C. § 371, Byrd assured himself of a maximum sentence of one year. *See United States v. Bos*, 917 F.2d 1178, 1181 n. 2 (9th Cir.1990). The plea agreement offered no other guarantee as to sentence length, and Byrd stated during his plea allocution that he understood he could receive a sentence of up to one year in prison.

### B

■ Byrd argues that making a threatening telephone call does not constitute an underlying offense covered by § 2A6.1 (Threatening Communications). Among the statutes to which § 2A6.1 applies is 18 U.S.C. § 875(c):

> Whoever transmits in interstate or foreign commerce any communication containing ... any threat to injure the person of another, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

The difference between Byrd's conduct and the conduct prohibited by 18 U.S.C. § 875(c) is that Byrd's threats were not transmitted in interstate or foreign commerce. Once jurisdiction is established over the offense of conviction, such jurisdictional requirements are irrelevant in computing a sentence. *Bos*, 917 F.2d at 1181. Thus, in this case 18 U.S.C. § 875(c) constitutes an underlying offense and § 2A6.1 was the appropriate Guidelines section to apply.

■ Byrd argues he should not be held accountable for an underlying offense of making threatening telephone calls because this conduct is already covered by the base offense level of 10 set by § 2H1.3(a)(1). Section 2H1.3, however, applies to conduct other than communicating threats of physical harm, and § 2A6.1 governs threatening communications that are not made to deny federally protected rights. The Guidelines approach to offenses involving deprivations of civil rights is to use a base offense level of "2 plus the level applicable to any underlying offense" because the harm involved in such offenses stems both from the underlying conduct itself and the fact the underlying conduct is intended to deprive a person of federally protected rights. *See* U.S.S.G. Ch. 2, Pt. H, intro. comment. Byrd's suggested base offense level of 10, provided by § 2H1.3(a)(1), is a minimum that applies only when it is greater than 2 plus the offense level for any underlying offense. In computing a base offense level of 14, the district court correctly applied the Guidelines.

AFFIRMED.

---

2. An essential element of a conspiracy is an act performed in furtherance of the conspiracy.

*United States v. Penagos*, 823 F.2d 346, 348 (9th Cir.1987).