972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffery Alan MYRICK, Defendant-Appellant.
 No. 91-50320.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided Aug. 24, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffery Alan Myrick appeals his sentence under the United States Sentencing Guidelines following his conviction by guilty plea on one count of conspiracy against rights in violation of 18 U.S.C. § 241. Myrick contends the district court erred in calculating his offense level under Guideline § 2H1.2 (Nov. 1, 1989), and that the court clearly erred in denying him an adjustment in offense level based on acceptance of responsibility. We affirm.
 
 
 3
 * Guideline § 2H1.2(a) provides that in determining the base offense level for a violation of 18 U.S.C. § 241, the sentencing court is to "[a]pply the greater" level as between level 13 or "2 plus the offense level applicable to any underlying offense." Background to the Guideline states that "[t]he base offense level for this guideline assumes threatening or otherwise serious conduct."
 
 
 4
 The district court found, and the parties do not contest, that in this case the relevant "offense level applicable to any underlying offense" was 12.[1] This determination was based on Guideline § 2A6.1, the Guideline applicable to the offense most analogous to Myrick's conduct in the conspiracy. Guideline § 2A6.1 pertains to threatening communications analogous to the threatening telephone calls Myrick made to the victim in this case.
 
 
 5
 Myrick contends that the sentencing court erred in referring to an "underlying offense" that involves threatening conduct when the Guideline controlling his sentence already "assumes threatening or otherwise serious conduct." We recently rejected a virtually identical argument in a case involving one of Myrick's codefendants. United States v. Byrd, 954 F.2d 586, 589 (9th Cir.1992). We reject Myrick's argument on the same basis.
 
 
 6
 The fact that Byrd involved Guideline § 2H1.3 rather than 2H1.2 is of no import. Just as the base offense level prescribed by Guideline § 2H1.2 "assumes threatening or otherwise serious conduct," so too does the base offense level prescribed by Guideline § 2H1.3 "reflect[ ] that the threat ... of force is inherent in the offense." U.S.S.G. § 2H1.3 comment. (backg'd). In determining the base offense level under either Guideline, it is proper to consider an "underlying offense" that also happens to involve threatening conduct. See Byrd, 954 F.2d at 589.
 
 
 7
 We also reject Myrick's contention that in requiring the sentencing court to "[a]pply the greater" of two possible base offense levels, one of which is determined by referring to an "underlying offense," the sentencing court is precluded from referring to an "underlying offense" which carries a statutory maximum less than the statutory maximum for the offense of conviction. Contrary to Myrick's argument, there is nothing inconsistent here.
 
 II
 
 8
 Myrick also challenges the district court's refusal to make a downward adjustment in offense level for acceptance of responsibility pursuant to Guideline § 3E1.1. In view of the uncontested assertion by the government that Myrick continued to make racially derogatory remarks following his arrest, including one statement that he could not believe he was in jail "for just calling a Jew," the district court by no means erred in denying the adjustment. See United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991) (reviewing for clear error the district court's refusal to adjust offense level based on acceptance of responsibility).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 When this level was raised an additional two levels pursuant to the calculations required by Guideline § 2H1.2, the resulting level was 14. Because this level was greater than level 13, Myrick's base offense level under Guideline § 2H1.2 was determined to be level 14