985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Douglas Malcolm GARNER, Defendant-Appellant.
 No. 92-5069.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 8, 1993
Decided: February 4, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Senior District Judge. (CR-91-189)
 W. David Lloyd, Greensboro, North Carolina, for Appellant.
 John R. Dunne, Assistant Attorney General, James P. Turner, Deputy Assistant Attorney General, Dennis J. Dimsey, Miriam R. Eisenstein, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Robert H. Edmunds, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Douglas Malcolm Garner appeals from the sentence entered by the district court following his plea of guilty to violations of 26 U.S.C. § 5861(f) (1988) and 42 U.S.C. § 3631(a) (1988). We affirm.
 
 
 2
 Garner was a member of the Ku Klux Klan. On several occasions Garner made written and verbal threats to Troy Raines, a black coworker. The substance of these threats was that if Raines did not leave the vicinity both he and his family would be killed. After making these threats Garner assembled an explosive device which he told an informant would destroy Raines's house. Garner was subsequently arrested and pled guilty to the charges against him.
 
 
 3
 The district court adopted, over Garner's objections, the findings of the probation officer, and sentenced Garner to forty-five months in prison and ordered him to pay restitution. In arriving at the sentence, the court grouped both counts pursuant to United States Sentencing Commission, Guidelines Manual, § 3D1.2(b) (Nov. 1990).[1] It then determined that pursuant to U.S.S.G. § 2H1.3, the guideline applicable to the § 3631(a) violation, U.S.S.G. § 2A6.1 should be applied because communicating threats was an underlying offense. The district court then enhanced the base offense level pursuant to U.S.S.G. § 2A6.1(b)(1) because Garner engaged in conduct evidencing an intent to carry out his threats. The court also enhanced the sentence pursuant to U.S.S.G. § 3A1.1 after finding that Raines was a vulnerable victim.
 
 
 4
 Garner raises three claims on appeal. He contends that the district court erred in applying U.S.S.G. § 2A6.1 and in enhancing the sentence under U.S.S.G. § 2A6.1(b)(1) and § 3A1.1. We shall address these claims in turn.
 
 
 5
 Garner did not object to the use of U.S.S.G. § 2A6.1 in the district court. Therefore, we review the district court's decision to apply this guideline for plain error only. See United States v. Jones, 948 F.2d 732, 736 (D.C. Cir. 1991); United States v. Lopez, 923 F.2d 47, 50 (5th Cir.), cert. denied, 59 U.S.L.W. 3770 (U.S. 1991). We conclude that the district court's decision was not plain error. See United States v. Byrd, 954 F.2d 586, 589 (9th Cir. 1992) (per curiam) (U.S.S.G. § 2A6.1 may properly be applied to violations covered by U.S.S.G. § 2H1.3); U.S.S.G. Ch.2, Pt.H, intro. comment. (guidelines are intended to punish conduct more severely than otherwise if conduct is engaged in in an effort to interfere with victim's civil rights).
 
 
 6
 Garner did object to both enhancements before the district court and we therefore review the merits of those claims. The decision to enhance a sentence under U.S.S.G. § 2A6.1(b)(1) is a factual one which is reviewed for clear error. United States v. Philibert, 947 F.2d 1467, 1471 (11th Cir. 1991); United States v. Hill, 943 F.2d 873, 875 (8th Cir. 1991). The same is true of U.S.S.G. § 3A1.1 enhancements. United States v. Caterino, 957 F.2d 681, 683 (9th Cir.), cert. denied, 61 U.S.L.W. 3258 (U.S. 1992); United States v. Astorri, 923 F.2d 1052, 1055 (3d Cir. 1991) United States v. Rocha, 916 F.2d 219, 245 (5th Cir. 1990), cert. denied, 59 U.S.L.W. 3782 (U.S. 1991).
 
 
 7
 The evidence before the district court revealed that Garner threatened to "take care of" Raines and his family if he did not move from his residence. The evidence further revealed that after communicating these threats Garner assembled an explosive device which he told an informant was to be used to destroy Raines's home. In light of this undisputed evidence the court was not clearly in error in enhancing the sentence under U.S.S.G. § 2A6.1(b)(1).
 
 
 8
 The probation officer recommended that Garner's sentence be enhanced under U.S.S.G. § 3A1.1 because Raines was a vulnerable victim due to his race and because he had a family who was also threatened. We note that some courts have concluded that race alone may not serve as the only basis for an enhancement under this section. United States v. Long, 935 F.2d 1207, 1209, 1211 (11th Cir. 1991). Consequently, courts have enhanced sentences pursuant to U.S.S.G. § 3A1.1 when race, coupled with some other factor, supported the enhancement. See United States v. Skillman, 922 F.2d 1370, 1377 (9th Cir. 1990) (race of victims, plus fact that they lived in a predominantly white neighborhood, was sufficient to support enhancement in cross burning case); United States v. Salyer, 893 F.2d 113, 116 (6th Cir. 1989) (race of victim plus historical connotations associated with cross burning sufficient to merit enhancement); see also United States v. Hershkowitz, 968 F.2d 1503, 1505 (2d Cir. 1992) (in determining whether to impose enhancement, court is to consider the totality of the circumstances, including the nature of the crime).
 
 
 9
 In addition to race, the district court in the present case concluded that Raines was particularly vulnerable because of Garner's threat to his girlfriend and child.[2] We do not believe that the district court clearly erred in concluding that the threat to Raines's son and girlfriend made Raines peculiarly vulnerable to Garner's threats of racially motivated violence.
 
 
 10
 Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The district court properly applied the guidelines in effect at the time the offenses were committed because those in effect at the time of the sentencing yielded a higher sentence. See United States v. Morrow, 925 F.2d 779, 782-83 (4th Cir. 1991)
 
 
 [2]
 It is undisputed that Raines relinquished custody of his child because he felt that he would not be able to protect the child from harm. Further, Garner admitted that he was motivated to commit the crime because Raines's girlfriend was white; Garner would not have selected Raines as a victim but for his girlfriend's race