87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond W. HARRIS, Defendant-Appellant.
 No. 94-17208.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond W. Harris appeals pro se the denial of his 28 U.S.C. § 2255 motion following his guilty plea conviction for maintaining a place for the purpose of distributing methamphetamine in violation of 21 U.S.C. § 856. Harris contends that: (1) his guilty plea was not knowing and voluntary; (2) his plea agreement contained an illegal stipulation; (3) the district court committed several sentencing errors; and (4) trial counsel was ineffective. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995), and we affirm.[1]
 
 I. Knowing and Voluntary Plea
 
 3
 Harris contends that his plea was not voluntary because he was not notified whether his plea agreement was a type (A), (B), or (C) agreement and because he was not advised that the court was required to sentence him under the sentencing guidelines. These contentions lack merit.
 
 
 4
 Before accepting a plea, the district court judge must speak personally to the defendant to ensure that his plea is voluntary. Fed.R.Crim.P. 11(d). In a 28 U.S.C. § 2255 proceeding, the movant must show that a Rule 11 violation amounted to constitutional or jurisdictional error, or a complete miscarriage of justice, and must establish prejudice by showing that he was unaware of the consequences of his plea and would not have pleaded guilty if properly advised. United States v. Timmreck, 441 U.S. 780, 783-85 (1979); United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987).
 
 
 5
 Although Harris' agreement does not explicitly state what type of agreement it is, it appears to contain components of both a type (A) and a type (B) agreement. See Fed.R.Crim.P. 11(e)(1). To the extent it was a type (B) sentence agreement, we note that he was duly advised that if he received a higher sentence than expected he would not be able to withdraw his plea. See United States v. Kennell, 15 F.3d 134, 136 (9th Cir.1994) (Rule 11(e)(2) requires that defendant who enters type (B) agreement must be advised that type (B) guilty pleas cannot be withdrawn once made). Harris has not shown that the failure of the court to specify the type of plea agreement resulted in any Rule 11 violations.
 
 
 6
 Nor has Harris shown his plea was involuntary. At his plea hearing, Harris acknowledged that his attorney had explained the plea agreement to him and that he understood its terms. The district court told Harris it would determine his sentence under the guidelines and that, although it could impose a sentence more severe than the guidelines, it could not exceed the statutory maximum. Harris acknowledged that he understood that he would probably receive a twenty-year sentence. Accordingly, Harris has failed to establish constitutional error by showing that his plea was invalid, or prejudice by demonstrating his ignorance of the relevant consequences. See Timmreck, 441 U.S. at 783-85; Grewal, 825 F.2d at 222.[2]
 
 II. Stipulation in Plea Agreement
 
 7
 Harris' contention that by stipulating that U.S.S.G. § 2D1.1. would be used to calculate his base offense level his plea agreement stipulated to the use of an incorrect sentencing guideline section, is also without merit. The agreement merely cross-referenced the appropriate section for calculating the offense level for 21 U.S.C. § 856, the charge to which Harris pled guilty. See U.S.S.G. § 2D1.8; see also United States v. Byrd, 954 F.2d 586, 589 (1992) (per curiam) (where applicable guidelines section cross-references another section, plea agreement does not preclude the district court from determining the appropriate sentence in accordance with the cross-reference). To the extent Harris is arguing that he was deprived of the benefit of his plea bargain by the sentencing court's reliance upon conduct relevant to the dismissed charges, his argument is foreclosed by United States v. Fine, 975 F.2d 596, 603-04 (9th Cir.1992) (holding that sentencing court may consider conduct relevant to counts dismissed pursuant to plea bargain). Moreover, we note that Harris was expressly advised in his plea agreement that such evidence could be considered.
 
 III. Sentencing
 
 8
 Harris contends that the district court committed the following sentencing errors: (1) it impermissibly considered seized currency in determining the drug quantity; (2) it failed to distinguish between the various types of methamphetamine; and (3) it sentenced him in excess of the statutory maximum when it tacked on a three-year term of supervised release. To the extent that Harris' third claim has constitutional overtones, we note that this court has held that 18 U.S.C. § 3583(a) authorizes a term of supervised release in addition to the maximum term of imprisonment for an offense. See United States v. Montenegro-Rojo, 908 F.2d 425, 432 (9th Cir.1990). The remaining non-constitutional claims of sentencing error have been waived by Harris' failure to raise them before the district court or in his direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).
 
 IV. Ineffective Assistance of Counsel
 
 9
 Harris contends trial counsel was ineffective for failing to challenge the sufficiency of the charging documents. This contention fails because Harris has failed to identify any defects in these documents.[3] Accordingly, he cannot show counsel's advice to plead guilty without challenging the charging documents was outside the "range of competence demanded of attorneys in criminal cases." See Tollett v. Henderson, 411 U.S. 258, 267-68 (1973).
 
 
 10
 We also reject Harris' contention that by advising him he would face a more severe sentence if he rejected the plea offer, counsel gave him false information. The offense to which Harris pleaded guilty carried a statutory maximum of twenty years. See 21 U.S.C. § 856 (1994). The charges that were dismissed pursuant to the plea agreement carried a maximum statutory penalty of mandatory life imprisonment. See 21 U.S.C. §§ 841, 846 (1994).
 
 
 11
 Because the record of this case conclusively shows that Harris is not entitled to relief, the district court did not err by denying Harris's section 2255 motion. See 28 U.S.C. § 2255 (1988); Sanchez, 50 F.3d at 1456.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 [2]
 We also reject Harris's argument that the court should have advised him he could be imprisoned for life if he violates the terms of his supervised release. Harris can only be imprisoned for up to three years if his supervised release is revoked, see 18 U.S.C. §§ 3583(e)(3) & 3581(b)(2) (1994), a fact of which he was adequately advised during his plea hearing
 
 
 [3]
 To the extent that Harris contends the indictment charging a violation of 21 U.S.C. §§ 846, 841(a)(1) is defective for failing to charge any overt acts, his claim is foreclosed by United States v. Tavelman, 650 F.2d 1133, 1137 (1981), cert. denied, 455 U.S. 939 (1982)