**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bernard D. BOS, Defendant–Appellant.**

**No. 90–30014.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 1990.

Oct. 26, 1990.

---

Gregory A. Jackson, Jackson & Rice, Helena, Mont., for defendant-appellant.

James Seykora and Bernard F. Hubley, Asst. U.S. Attys., Helena, Mont., for plaintiff-appellee.

Before WRIGHT, SCHROEDER and NORRIS, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Appellant Bos, a dentist, admitted conspiring to blow up his failing record and tape store in order to recover on an insurance policy. Conspiring with Mr. Mahlman, appellant increased his policy limits and then made two attempts to ignite the building by leaving a candle burning and the gas on. These attempts failed. An attempt to use a pipe bomb backfired and seriously injured Mr. Mahlman, who eventually informed the authorities.

Appellant pled guilty to one count of mail fraud, and stipulated to the above facts in his plea agreement. The district court sentenced him using the arson guidelines, instead of the mail fraud guidelines, resulting in a sentence of five years—the statutory maximum for mail fraud. Appellant appeals the determination of his sentence, as well as the district court's refusal to give him a continuance for a psychological evaluation.

## I

The district court's application of the sentencing guidelines is reviewed de novo. *United States v. Lockard,* 910 F.2d 542, 543 (9th Cir.1990). The district court's factual findings are reviewed for clear error. *United States v. McConney,* 728 F.2d 1195, 1202–04 (9th Cir.) (en banc) *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). The district court's refusal to depart downward from the guidelines is not subject to review. *United States v. Morales,* 898 F.2d 99 (9th Cir. 1990). A district court's decision regarding a motion for a continuance is reviewed for an abuse of discretion. *United States v. Pederson,* 784 F.2d 1462, 1464 (9th Cir. 1986).

## II

In sentencing appellant on the basis of the arson guideline, instead of the mail fraud guideline, the district judge relied on § 1B1.2(a) of the guideline manual, which provides that "in a case of conviction by a plea of guilty or *nolo contendere* containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two most applicable to the stipulated offense." The district court determined that the stipulated facts [1] amounted to arson, and used the corresponding section of the guidelines (§ 2K1.4) to calculate the offense level.

The district court's decision is in accord with that of the Fifth Circuit in *United States v. Garza,* 884 F.2d 181 (5th Cir.1989) (although defendant pled guilty to two "telephone counts," the district court properly applied the guidelines for conspiracy

---

1. Appellant contends that the district court erred in relying on facts set forth in the information, instead of in the plea agreement. Appellant points to the district court's reasoning that "[t]here was a plea of guilty to that Information, and so the Court finds that [arson] is the appropriate section for determining the base offense level." Reporter's Transcript (R.T.) at 4. However, the plea agreement stipulates that appellant "admits to participation in or knowledge of the overt acts set forth in the Information numbered 1 through 14." Plea Agreement at 4. And, the plea agreement itself recites the fact that appellant tried to destroy his record store by fire or explosion in order to file a fraudulent insurance claim. *Id.* at 3. The court referred to these stipulations as well. R.T. at 3. Therefore, the appellant's insinuation that the court relied on the facts charged in the information, instead of on the facts admitted by appellant, is not founded in the record.

to possess marijuana, because defendant had stipulated to facts that established the more serious offense, and the district court's sentence still fell within the statutory maximum for the offenses of conviction). It also accords with the commentary to the mail fraud section, which states:

> In certain ... cases, the mail or wire fraud statutes, or other relatively broad statutes, are used primarily as jurisdictional bases for the prosecution of other offenses. For example, a state arson offense where a fraudulent insurance claim was mailed might be prosecuted as mail fraud. Where the indictment or information setting forth the count of conviction (or a stipulation as described in § 1B1.2(a)) establishes an offense more aptly covered by another guideline, apply that guideline rather than § 2F1.1.

U.S.S.G. § 2F1.1, Application Note #13.[2]

■ Appellant makes several other arguments, however. First, he invokes *United States v. Martin*, 893 F.2d 73 (5th Cir. 1990), which held that the district court must expressly find on the record that the stipulation accompanying the guilty plea " 'specifically establishes a more serious offense' than the offense of conviction." *Id.* at 75. In making this finding, the Fifth Circuit requires the district court to follow Fed.R.Crim.P. 11(f)[3] and "satisfy itself that a 'factual basis for each essential element of the crime [has been] shown.' " *Id.* (quoting *United States v. Montoya–Camacho*, 644 F.2d 480, 485 (5th Cir.1981)).

Appellant argues that the record here does not support a finding that he committed arson under the federal statute, because there are no facts to show that the record and tapes store was "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(i). The United States argues that Congress intended to include any business property, however minimal the effect on commerce.

The question of whether or not the record store affected interstate commerce is, however, beside the point. The interstate commerce requirement relates to jurisdiction, not the seriousness of the crime, and therefore should not matter in determining the range of a defendant's punishment under the guidelines, as long as the United States has jurisdiction over the crime of conviction, and as long as the sentence given does not exceed the statutory maximum for the crime of conviction. As the application notes to the mail fraud guidelines above make clear, conduct establishing a state law offense of arson would be sufficient to allow the application of the arson guideline. This case need not be remanded for a finding that the facts establish the other elements of arson, as that is clear on the record.

### III

■ Appellant also argues that if the district court found that the crime to which he pled did not accurately reflect the seriousness of his conduct, the court should have refused to accept the plea and should have given the appellant an opportunity to withdraw it, instead of sentencing appellant under the arson guideline after he had pled only to mail fraud. The guidelines themselves send contradictory messages on this score, requiring courts to accept only pleas that reflect the seriousness of the conduct, U.S.S.G. § 6B1.2, and on the other hand providing, as above, for the case in which the crime of conviction does not reflect the seriousness of the conduct.

The Sixth Circuit, in *United States v. Silverman*, 889 F.2d 1531 (6th Cir.1989),

---

**2.** Appellant argues that this interpretation of the guidelines defeats the goal of the guidelines to punish the "crime charged," not the "real crime." However, as the guidelines themselves point out, they try to combine the two ideas. Guidelines Manual at 1.4–1.6; Breyer, The Federal Sentencing Guidelines and the Key Compromises Upon Which They Rest, 17 Hofstra L.Rev. 1, 8–12 (1988). Here, appellant pled to an offense with a lesser statutory maximum, guaranteeing that he would get at most five years. His sentence is limited by the statutory maximum of the crime charged, although determined within that limit by the "real crime."

**3.** Rule 11(f) states that a judge must not enter a judgment on a plea of guilt "without making such inquiry as to satisfy it that there is a factual basis for the plea."

required that the district court determine whether its acceptance of a plea bargain was overridden by its use in sentencing of a defendant's past conduct that the government had agreed not to prosecute. The *Silverman* court suggested that the district court should not have accepted the plea bargain, if the agreement foreclosed the use in sentencing of relevant past history. Appellant here suggests that *Silverman* requires remand, so that the court below can either resentence under the mail fraud guideline, or refuse the plea bargain.

■ *Silverman*, however, involved the judge's use of facts outside the plea agreement. That is not the case here. Not only did appellant stipulate to the facts used in determining his sentence, but the plea agreement explicitly provides that "sentencing in this matter shall be left to the sound discretion of the Court pursuant to sentencing guidelines." Plea Agreement at 6. The agreement did not provide that appellant would be sentenced under the mail fraud guidelines. Appellant, therefore, had full knowledge of the possible consequences of his plea, including the maximum penalty, as required by Fed.R. Crim.P. 11(c)(1). Even if both the appellant and the government had assumed that the mail fraud guidelines applied, such a mutual mistake of law is not grounds for invalidating the plea bargain. *United States v. Zweber*, 913 F.2d 705 (9th Cir.1990). Moreover, appellant has not moved to withdraw his plea under Fed.R.Crim.P. 32(d). Under these facts, there was no need for the court to refuse to accept the agreement.

A decision that the sentencing court may only accept plea bargains in which the defendant pleads guilty to the most serious offense established by the stipulated facts would discourage plea bargains like this one, in which the defendant seeks to limit his liability to the statutory maximum of a lesser included offense, and the government requires a stipulation of facts in order to insure that the defendant is sentenced at the high end of the possible guideline sentence. The limit under the guidelines is that the plea agreement must not frustrate the purposes of sentencing.

U.S.S.G. § 6B1.2. This case does not transgress that limit.

IV

■ Under the arson guideline, the district court enhanced the base level offense by 18 levels because defendant "knowingly created a substantial risk of death or serious bodily injury." U.S.S.G. § 2K1.4(b)(1). Appellant argues that this enhancement was improper because 1) it conflicts with the arson statute, and 2) there was no factual basis for the court's finding of risk.

The probation report recommended the enhancement because of the injury to Mr. Mahlman. Under 18 U.S.C. § 844(i), which provides for an enhancement of the maximum penalty for arson from ten to twenty years "if personal injury results to any person," the Tenth Circuit has held that injuries to coconspirators do not count. *United States v. Schwanke*, 598 F.2d 575 (10th Cir.1979).

The court made clear at sentencing, however, that it was not relying on the injury to Mr. Mahlman. Noting that the guideline enhancement required only a *"substantial risk* of death or serious bodily injury," and not actual injury, the court stated: "as far as I'm concerned, the act of placing an explosive device in a commercial building located near the public streets and other businesses where there is pedestrian access poses a substantial risk of death or serious bodily injury." R.T. 5. Appellant claims there was no factual basis for this determination.

The court did know that the building was a commercial establishment, and that the methods to be used to destroy it were explosive. The guideline commentary notes that the base line for arson is quite low, because "many arson cases involve 'malicious mischief,' *i.e.,* minor property damage under circumstances that do not present an appreciable danger. A low base level is provided for these cases. However, aggravating factors are provided for instances where a defendant ... endangered others." U.S.S.G. § 2K1.4, Background Commentary. The court's factual findings were not conclusory or clearly erroneous.

■ Finally, the appellant argues that because the guidelines allow sentence enhancement on the basis of "risk of injury," they are in conflict with the enhancement provisions of the arson statute, which requires actual injury. Appellant cites *United States v. Sharp*, 883 F.2d 829 (9th Cir. 1989), which held that the mandatory minimum sentence of a statute trumps a lower sentence derived from application of the guidelines. *Sharp* is not on point. The statutory enhancement here provides for a twenty-year increase in the maximum sentence; the guidelines merely use a similar factor for determining the level within the unenhanced statutory maximum. 18 U.S.C. § 844(i); U.S.S.G. § 2K1.4. The enhancements are different both in degree and purpose, and they do not conflict. *Cf. United States v. O'Neal*, 910 F.2d 663, 668 (9th Cir.1990) (when both a statutory enhancement and a guideline enhancement are applicable, both may be applied).

## V

■ Appellant asked the sentencing court for a downward departure, based on his personal characteristics and the needs of his family and community. Appellant cites the district court's comment that "[t]he sentence of incarceration here, of course, is one that the Court has little discretion in doing otherwise, as I understand the facts and as I know the law to be." R.T. 29. On this basis, appellant suggests that the district court's refusal to make a downward departure was based on an erroneous conclusion that the guidelines had ruled out departures grounded on a defendant's personal characteristics. The full record makes clear that the district court did not make such a mistake:

> The guidelines in this case are above the statutory maximum, which means that the statutory maximum then becomes the recommended guidelines sentence. The appellate courts are coming down regularly with decisions reversing trial courts which have departed from the guidelines where there are not truly unique circumstances involved relating to the offense level and to the commission of the crime, the acts involved in the

crime, *and the Defendant itself.* I don't find in this case, granted that the Defendant is an educated person, college graduate, practicing dentist, I don't find that to be sufficient in the way of justifying the Court to depart from what Congress has instructed me to do, and that is follow the guidelines of the Sentencing Commission.

R.T. 29–30 (emphasis added). A discretionary refusal to make a downward departure is not reviewable. *United States v. Morales*, 898 F.2d 99 (9th Cir.1990).

## VI

■ Appellant moved for a continuance of his sentencing hearing pursuant to 18 U.S.C. § 4244(b), which provides that the court may order a psychiatric examination of the defendant. Appellant's motion was based on the fact that his therapist had told the probation office that he was "delusional" in his thinking and had little perception of his real self. The court denied the motion as untimely and unwarranted, but allowed the appellant to present evidence of his mental and emotional condition at the sentencing hearing.

Appellant argues that the motion was not untimely, because he moved not for a hearing, under 18 U.S.C. § 4244(a), but for an examination under § 4244(b), which has no express provision for either motions by the defendant or for time limits for such motions. Even if we assume that the appellant's motion was proper and timely, however, the court found that the "[d]efendant ha[d] not provided the court with any substantial information which indicate[d] a need for evaluation." Order at 2. Apppellant does not take issue with this finding on appeal, nor did appellant offer further evidence on these issues at the sentencing hearing. The district court did not abuse its discretion in denying the motion.

The sentence is AFFIRMED.