956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney Burl SMITH, Defendant-Appellant.
 No. 91-50196.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney Burl Smith appeals his sentence under the United States Sentencing Guidelines ("Guidelines") following a guilty plea to offenses involving the use of explosives in committing bank larceny.[1] Smith contends that the district court erred by enhancing his base offense level by 18 levels pursuant to U.S.S.G. § 2K1.4(b)(1).[2] We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "The district court's application of the sentencing guidelines is reviewed de novo.... The district court's factual findings are reviewed for clear error." United States v. Bos, 917 F.2d 1178, 1180 (9th Cir.1990) (citation omitted). Whether a defendant knowingly created a substantial risk of death or serious bodily injury is a factual question. Id. at 1182.
 
 
 4
 Here, Smith used homemade explosives to blast open the safes below night depository boxes in three banks. Each bank was severely damaged as a result of Smith's conduct. The presentence report ("PSR") recommended an 18-level enhancement to Smith's base offense level under section 2K1.4(b)(1) because Smith was aware of the destructive potential of his explosives and placed them "in a night depository, a facility which expressly exists for after-hour banking transactions."
 
 
 5
 Smith contends that he took special safety precautions to protect the public from his destructive conduct and therefore, he did not knowingly create a substantial risk of harm to others.[3] Nevertheless, the district court concluded that the enhancement was proper because Smith destroyed 24-hour bank depositories designed to accommodate bank customers wishing to make deposits at unusual business hours. The district court stated, "there was a much higher probability that unsuspecting persons would be frequenting the location during other than normal working hours, which was exactly when the bombs were set to explode." SER at 19. The district court's finding was not conclusory or clearly erroneous. See Bos, 917 F.2d at 1182.
 
 
 6
 Smith also claims for the first time on appeal that the enhancement under section 2K1.4(b)(1) conflicts with section 2K1.4(b)(4) and punishes him twice for the same conduct warranting a mandatory five year sentence under 18 U.S.C. § 844(h). This court "will not consider issues raised for the first time on appeal," unless the proponent demonstrates exceptional circumstances warranting review to prevent a miscarriage of justice, or "a new issue arises while appeal is pending because of a change in the law, or.... the issue presented is purely one of law" and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985); see United States v. Nakagawa, 924 F.2d 800, 803 (9th Cir.1991). Exceptional circumstances do not exist here, and therefore, we decline to review Smith's claim. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Smith was convicted of two counts of malicious damage and destruction of property by means of an explosive, in violation of 18 U.S.C. § 844(i), two counts of entering a bank with intent to commit larceny, in violation of 18 U.S.C. § 2113(a), and two counts of use of explosive to commit a felony, in violation of 18 U.S.C. § 844(h)
 
 
 [2]
 Smith committed his offenses during May and June 1990. Therefore, the November 1989 version of U.S.S.G. § 2K1.4 is applicable. Section 2K1.4 currently provides for the same enhancement if the defendant knowingly creates a substantial risk of death or serious bodily injury. See U.S.S.G. § 2K1.4(a)(1)
 
 
 [3]
 Smith states that he picked these specific banks because they were in secluded areas and the night depository boxes were located in the back of the buildings away from the street. He states that he blew up the banks at approximately 4:00 a.m. on Monday to ensure that no one would be present. Smith also stated that he always waited for the "all clear" signal from his assistant before igniting the bombs