978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Michael MARTIN, Defendant-Appellant.
 No. 91-10544.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 26, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Martin appeals from his conviction and sentence, imposed following entry of a guilty plea, for using a telephone to facilitate a drug trafficking offense and possessing a firearm in connection with a drug offense in violation of 18 U.S.C. § 843(b) and 21 U.S.C. § 924(c). Martin contends that the district court (1) should have allowed him to withdraw his guilty plea because he was not advised of his ineligibility for probation, (2) erred in its calculation of his base offense level under the United States Sentencing Guidelines, and (3) erred by not departing downward from the applicable Guidelines range. We have jurisdiction over the first two claims under 28 U.S.C. § 1291 and affirm. We lack jurisdiction to consider the final claim and dismiss it.
 
 A. Withdrawal of Plea
 
 3
 We review for abuse of discretion the district court's denial of a motion to withdraw a guilty plea. United States v. Turner, 898 F.2d 705, 713 (9th Cir.), cert. denied, 495 F.2d 962 (1990).
 
 
 4
 Before accepting a plea of guilty, the district court must advise the defendant of the minimum and maximum possible sentence he may receive. Fed.R.Crim.P. 11(c)(1). When the offense caries a mandatory minimum term, Rule 11 does not require the district court to expressly notify a defendant of his ineligibility for a term of probation. See United States v. Sanclemente-Bejarno, 861 F.2d 206, 209 (9th Cir.1988) (district court complied with requirements of Rule 11(c)(1) by advising defendant of minimum mandatory term of imprisonment without reference to his ineligibility for parole). The defendant bears the burden of establishing a "fair and just reason" for withdrawal of his plea, Fed R.Crim.P. 32(d), and a change of heart is not a sufficient reason, Turner, 898 F.2d at 713.
 
 
 5
 Here, Martin was advised at the change of plea hearing that his conviction for possession of the firearm carried a mandatory sentence of five years imprisonment. The district court expressly told him that it could not go above or below five years on this count. Rule 11 did not require that it go on to state that a minimum of five years incarceration precludes the possibility of probation.[1] See Sanclemente-Bejarno, 861 F.2d at 209. Martin did not establish a reason to withdraw his plea, and the district court did not abuse its discretion by denying his motion. See Turner, 898 F.2d at 713.
 
 B. Calculation of Base Offense Level
 
 6
 Martin's base offense level was calculated as 20, based in part on his sale of approximately 40 grams of methamphetamine to a confidential informant (CI). Martin contends that the district court erred by including this amount in its calculation. This contention lacks merit.
 
 
 7
 We review for clear error the district court's factual findings underlying its application of the Guidelines. United States v. Fine, No. 50280, slip op. 11067, 11073 (9th Cir. Sept. 14, 1992) (en banc). The district court may rely on stipulated facts underlying a defendant's guilty plea when calculating his sentence. United States v. Bos, 917 F.2d 1178, 1180-81 and n. 1 (9th Cir.1990).
 
 
 8
 Here, the presentence report (PSR) states that Martin admitted selling approximately 40 grams of methamphetamine to the (CI). This transaction formed the factual basis for his guilty plea to using a telephone in furtherance of a drug transaction in violation of 18 U.S.C. § 843(b). Nevertheless, in his written objections to the PSR, Martin alleged a "mistake" in the PSR and argued that this amount should not be included because the CI was unreliable and "there is not 40 grams in evidence to support this alleged sale" (CR 54 at 3-4). As Martin himself stipulated to both the fact of the sale and the amount sold when entering his plea, no further evidence was necessary.[2] See Bos, 917 F.2d at 1180-81. The offense level calculation was proper.
 
 C. Downward Departure
 
 9
 Finally, Martin contends that the district court erred by not recognizing grounds on which it could have departed downward from the applicable Guidelines range.
 
 
 10
 "A court must sentence within the applicable guideline range unless valid grounds exist for departure." United States v. Anders, 956 F.2d 907, 910 (9th Cir.1992) (citing 18 U.S.C. § 3553(b)). We lack jurisdiction to review a district court's discretionary decision not to depart. United States v. Joetzki, 952 F.2d 1090, 1097 and n. 2 (9th Cir.1991) (distinguishing between district court's discretionary refusal to depart and its decision that it lacks discretion to do so).
 
 
 11
 Here, Martin argues that the district court erroneously thought it lacked jurisdiction to depart. We disagree. At sentencing, the district court made the following remarks with respect to downward departure:
 
 
 12
 I know of no ground for downward departure based upon the fact that Mr. Martin is a decent human being....
 
 
 13
 ....
 
 
 14
 There is no basis that I know of for a downward departure, other than he really supported [his codefendant] and helped her get her life together. That's a good thing to have done. But our bizarre system of sentencing doesn't permit me, to my knowledge, to take that into account.
 
 
 15
 ....
 
 
 16
 I mean, to be honest with you, I would like to do something for him.
 
 
 17
 ....
 
 
 18
 But I don't see any basis for it.
 
 
 19
 (RT 10/16/91 at 16, 19-20). Subsequently, after Martin argued for a downward departure based on his successful performance under pre-trial supervision, the district court stated:
 
 
 20
 It seems to me that the statutory purpose of punishment is over served by the sentence that the guidelines require. It seems to me that the correlative statutory purpose, which is that the sentence should be no more severe than is required under the circumstances, which is what the statute says, is ill served under these circumstances. That if the court were free to depart, the court would depart to some extent. That departure would also be supported by the defendant's efforts at rehabilitation subsequent to his arrest by the care and comfort that he has provided to [his codefendant] under these circumstances, by the fact that his emotional support appears to be important to her mental well being, and that in a better world all of those things would be appropriately considered by a trial court. But what appears to me to be the truth is, that you have failed to tender to me any basis under which the court can depart. Nor does the court find on its own any basis. If you have something to suggest, I would be pleased to accept it. But I don't.
 
 
 21
 (RT 10/16/91 at 22-23 (emphasis added)). The district court clearly recognized its authority to depart if grounds for departure exist, but found no basis for departure in this case.[3] We have no jurisdiction to review its decision. See Joetzki, 952 F.2d at 1097.
 
 
 22
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Martin's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Martin's contention that he understood the mandatory five-year sentence to allow for probation as an "exception" to incarceration is frivolous and does not merit discussion
 
 
 [2]
 Martin's reliance on United States v. Hahn, 960 F.2d 903 (9th Cir.1992) is misplaced. In Hahn, this court disallowed inclusion of drug transactions that were not part of the same course of conduct as the offense of conviction. See Hahn, 960 F.2d at 910-911. Here, by contrast, the district court's calculation was based on the amount of drugs negotiated during the telephone call which was itself the offense of conviction
 
 
 [3]
 " '[A] defendant's post-arrest drug rehabilitation efforts afford no basis for downward departure....' " Anders, 956 F.2d at 911 (quoting United States v. Martin, 938 F.2d 162, 164 (9th Cir.1991), cert. denied, 112 S.Ct. 1679 (1992)). Similarly, the mere fact of a defendant's employment does not support a downward departure. Id. at 913
 In his brief, Martin suggests other possible grounds for departure which he did not present to the district court. As these claimed bases are raised for the first time on appeal, we do not consider them. See United States v. Nakagawa, 924 F.2d 800, 803 (9th Cir.1991).