10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernard D. BOS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-36695.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Nov. 15, 1993.
 
 Before: HUG, WRIGHT, and GOODWIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal raises two related issues. First, whether the district court committed constitutional error when it erroneously stated that the maximum fine the defendant could receive was $10,000, when, in fact, it was $250,000. Second, whether the court erred in imposing a find including costs of incarceration and supervised release without imposing a punitive fine. We affirm.
 
 I.
 
 3
 Dr. Bernard Bos pled guilty to one count of mail fraud. This court affirmed his conviction in United States v. Bos, 917 F.2d 1178 (9th Cir.1990). He now appeals, pursuant to 28 U.S.C. Sec. 2255, to vacate, set aside, or correct the fine portion of his sentence.
 
 
 4
 The granting or denial of a 28 U.S.C. Sec. 2255 motion is reviewed de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). Absent a timely objection, the proper standard of review for a section 2255 motion is cause and actual prejudice. United States v. Frady, 456 U.S. 152, 167 (1982). "Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains." Id. at 167-168.
 
 
 5
 At Bos' change of plea hearing, the district court erroneously informed Bos that the maximum fine imposed would be $10,000. The proper maximum fine was $250,000. The court imposed a fine of $75,902.76, which included the costs of incarceration and supervised release, pursuant to U.S.S.G. Sec. 5E1.2(i) (1992).
 
 
 6
 After examining the entire record, the district court concluded that the misstatement was a technical violation of Rule 11 and did not warrant section 2255 relief. The court did not err in denying Bos relief. "[W]e have repeatedly held that there is no constitutional error where a trial court has not informed the defendant on the record of the maximum possible penalty, if the defendant otherwise knows the maximum possible penalty." United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987). See also United States v. Rivera-Ramirez, 715 F.2d 453, 456 (9th Cir.1983) (a technical violation of Rule 11 is insufficient to warrant relief under section 2255), cert. denied, 467 U.S. 1215 (1984).
 
 
 7
 Bos was aware that his maximum possible fine could exceed $10,000. Bos reviewed his Presentence Report prior to his sentencing. The Report informed Bos that he could be fined an amount sufficient to cover the costs of incarceration and the estimated amount of those costs. His attorney challenged only Bos' ability to pay. Further, the court informed Bos at his sentencing hearing that the total amount of the fine would be approximately $70,000. Again, Bos' attorney only objected to the defendant's ability to pay and the burden the fine would impose on his family. No objection was made that Bos relied on the $10,000 maximum figure.
 
 
 8
 Bos has offered no reason for failing to raise the issue on his direct appeal. He has not shown cause sufficient to excuse his double procedural default of failing to raise the issue at his sentence hearing or on direct appeal. Nor has Bos established actual prejudice. He has not shown that the amount of the maximum fine affected his decision to plead guilty. The court did not err in denying section 2255 relief.
 
 II.
 
 9
 Bos next argues that the additional fine imposed for the costs of incarceration and supervision was improper because the court did not impose a punitive fine. This argument lacks merit.
 
 
 10
 We review de novo both the district court's interpretation of the guidelines and its application of the guidelines. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992); United States v. Kohl, 972 F.2d 294, 297 (9th Cir.1992). Bos must establish cause and actual prejudice to obtain collateral relief under section 2255 because no contemporaneous objection was made. Frady, 456 U.S. at 167-68.
 
 
 11
 This court disposed of this very argument in United States v. Favorito, No. 92-50465 (9th Cir. Sept. 28, 1993). The issue was one of first impression in the Ninth Circuit; and in Favorito, we adopted the Seventh Circuit's approach in United States v. Turner, 998 F.2d 534 (7th Cir.1993), petition for cert. filed, U.S. Oct. 12, 1993 (No. 93-6297). In Turner, the court reasoned that "additional" means that "the judge must add two numbers together, but zero is a number." Turner, 998 F.2d at 538. In other words, the punitive fine amount could be zero, and the costs for supervision and incarceration would be "in addition" to the zero figure. In so adopting the Turner approach, we concluded in Favorito that it was not error to impose a fine for costs of incarceration, based on the defendant's ability to pay, without imposing a separate punitive fine. Favorito, slip op. at 10886. This decision is binding on Bos. The district court did not err in imposing costs of incarceration and supervision without also imposing a punitive fine.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3