26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Henry GOUTIER, Jr., Defendant-Appellant.
 No. 93-10236.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 18, 1994.
Decided June 14, 1994.
 
 Before: REINHARDT and LEAVY, Circuit Judges, and McLAUGHLIN, District Judge.*
 MEMORANDUM**
 George Henry Goutier, Jr. appeals his sentence, imposed following his conviction for unauthorized use of an access device in violation of 18 U.S.C. Sec. 1029(a)(2); for bank larceny in violation of 18 U.S.C. Sec. 2113(b); and for perjury in violation of 18 U.S.C. Sec. 1623. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We vacate Goutier's sentence and remand for resentencing to omit the 2-level enhancement imposed under United States Sentencing Guidelines Sec. 3C1.1.
 * Background
 Goutier was convicted in May 1990 for possession of unauthorized access devices (credit card account numbers) and sentenced to eighteen months imprisonment followed by a two year term of supervised release. In April 1992, a petition to revoke was filed, alleging that Goutier had violated the terms of his supervised release by again illegally possessing credit card numbers. On June 12, 1992, an evidentiary hearing on the petition was held. The victim was unable to appear. Goutier testified falsely that the victim had given him permission to use the victim's ATM card. Based on Goutier's false testimony, the district court did not revoke supervised release.
 On July 1, 1992, a ten-count indictment was returned against Goutier. Counts two through six charged the bank larceny offenses alleged in the petition to revoke supervised release filed in April, 1992, and counts seven through ten charged Goutier with perjury at the supervised release hearing. On October 7, 1992, Goutier was convicted by a jury of committing all offenses charged in the ten counts.
 On March 12, 1993, the district court sentenced Goutier based on an offense level of 12, plus a 3-level enhancement under U.S.S.G. Sec. 2J1.3(b)(2) for "substantial interference with the administration of justice", and an additional 2-level enhancement under U.S.S.G. Sec. 3C1.1 for "obstruction of justice", for a total offense level of 17. Goutier received a sentence of 55 months imprisonment, plus a three-year term of supervised release.
 Additionally, after the sentencing on March 12, 1993, the district court conducted a hearing to revoke the prior supervised release. Goutier admitted committing all of the offenses in question, and supervised release was revoked. The district court sentenced Goutier to 12 months imprisonment, to run consecutively to the 55 months imposed as a result of the October 1992 jury conviction.
 II
 Analysis
 Sentencing. A defendant may appeal if a sentence was imposed as a result of an incorrect application of the Sentencing Guidelines. Williams v. United States, 112 S.Ct. 1112 (1992) (citing 18 U.S.C. Sec. 3742(a)). A district court's application of the Guidelines is reviewed de novo, but the factual findings underlying the application of the Guidelines are reviewed for clear error. United States v. Bos, 917 F.2d 1178 (9th Cir.1990).
 Goutier challenges both the 3-level and 2-level enhancements as misapplications of the Guidelines.
 (a) 3-level enhancement. Goutier's perjury at the revocation hearing on June 12, 1992 resulted in the district court not revoking supervised release and dismissing the petition. This decision was a judicial determination, based upon Goutier's perjury, within U.S.S.G. Sec. 2J1.3(b)(2) and Application Note 1 thereunder. Accordingly, the district court properly imposed the 3-level enhancement.
 (b) 2-level enhancement. Goutier was convicted of counts 7 through 10, which charged him with perjury committed at the June 1992 hearing to revoke supervised release. The district court imposed a 2-level enhancement under U.S.S.G. Sec. 3C1.1 for additional perjury committed by Goutier at the trial in October 1992.
 Goutier was convicted of an offense (perjury) covered by U.S.S.G. Sec. 2J1.3. Application Note 6 to U.S.S.G. Sec. 3C1.1 states that where a defendant is convicted of an offense covered by section 2J1.3, the 2-level enhancement is not to be added to the offense level for that offense "except where a significant further obstruction occurred during the investigation, prosecution or sentencing of the obstruction offense itself." U.S.S.G. Sec. 3C1.1, comment, Application Note 6 (emphasis added).
 As an example of "significant further obstruction" the Application Notes following section 3C1.1 suggest that the 2-level enhancement should apply "where the defendant threatened a witness during the course of the prosecution for the obstruction offense." Id. In contrast, Goutier's perjury at trial constituted, at most, an elaboration of his perjury at the revocation hearing, because the victim was available at the trial and was called as a witness at trial by the government. Goutier basically repeated the same perjury for the same objective, viz., to deny the underlying crime of bank fraud.
 Considering the severity and separateness of the conduct cited in the Application Notes as an example of proper imposition of the 2-level enhancement, and the fact that Goutier's perjury at trial was neither new nor surprising to the government, we conclude that Goutier's perjury at trial did not constitute a significant further obstruction within the meaning of U.S.S.G. Sec. 3C1.1 and the comment thereto. Accordingly, the district court is directed to resentence Goutier without the 2-level enhancement.
 Appointment of psychiatrist. Goutier contends the district court erred in failing to appoint a psychiatrist to assist in sentencing. On this ground, Goutier must show by clear and convincing evidence that he suffered prejudice caused by the court's failure to appoint an expert. United States v. Brewer, 783 F.2d 841, 843 (9th Cir.1986); United States v. Sims, 617 F.2d 1371, 1375 (9th Cir.1980).
 Prior to sentencing, Goutier filed a motion to appoint a psychiatrist to prepare an evaluation to assist in sentencing, The district court denied the motion without a hearing. The district court acted properly because a psychiatrist's opinion would have been irrelevant to the applicable sentencing factors under the Guidelines. Furthermore, the district court was very familiar with Goutier, having presided over the revocation hearing, the jury trial, and the previous sentencing where a psychological evaluation was available.
 VACATED AND REMANDED.
 
 
 
 *
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3