73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne Michael BECKER, Defendant-Appellant.
 No. 95-50148.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1995.*
Decided Dec. 22, 1995.
 
 Before: HUG, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wayne Michael Becker appeals the district court's order imposing a three-year term of imprisonment based on Becker's violation of his term of supervised release he was serving following his guilty plea conviction of conspiring to possess controlled substances with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The court ordered the sentence to run consecutively to a 151-month sentence he was serving for unrelated offenses. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Becker raises only one issue on appeal: whether the district court erred by denying him a continuance in order to obtain a psychiatric evaluation prior to his sentencing on his supervised release violations. We review a district court's denial of a motion to continue for abuse of discretion. United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1323 (1995).
 
 
 4
 The district court scheduled a hearing for March 13, 1995 to sentence Becker based on various violations of his supervised release term, including three bank robberies for which he was then incarcerated. On the day of the hearing, Becker's counsel sought a continuance so that a psychiatrist could evaluate Becker's mental condition. Becker apparently had suffered minor brain damage resulting from oxygen deprivation as a child. The district court denied the motion to continue.
 
 
 5
 A district judge abuses his discretion when the denial of a continuance is determined to be "arbitrary or unreasonable." United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.), modified 764 F.2d 675 (9th Cir.1985). In making this determination we consider (1) the extent of defendant's diligence in preparing for the hearing; (2) the likelihood that a continuance would have satisfied the defendant's need; (3) the inconvenience which granting the continuance would have imposed upon the court, the opposing party, or witnesses; and (4) prejudice, if any, to the defendant. Flynt, 756 F.2d at 1359. It is clear from the facts of this appeal that Judge Rhoades neither acted arbitrarily nor unreasonably in denying Becker's motion for continuance. Accordingly, we conclude that the court did not abuse its discretion.
 
 
 6
 Becker's counsel did not ask for the continuance until the day of the scheduled hearing. No written motion was filed and the court was not given any notice of the request prior to the hearing. This particular hearing was scheduled to address Becker's supervised release violations. There had been numerous occasions for Becker to have raised his alleged mental impairment based on a childhood injury prior to this sentencing hearing. Nothing had changed in the interim. Furthermore, the court allowed counsel to present evidence of Becker's mental state at the hearing. It is not necessary that Becker undergo a mental health examination in order for the court to grant a departure based on mental impairment. See United States v. Cantu, 12 F.3d 1506, 1511 (9th Cir.1993). The district court, therefore, did not abuse its discretion. See United States v. Bos, 917 F.2d 1178, 1183 (9th Cir.1990) (court did not abuse its discretion for failing to grant continuance for a sentencing hearing so that defendant may undergo a psychiatric examination pursuant to 18 U.S.C. Sec. 4244(b)).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3