UNITED STATES COURT OF APPEALS
**Filed 10/7/96**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BILLY DON RICE,

Defendant-Appellant.

No. 96-5015
(D.C. No. 95-C-65-C)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals from the district court's order denying his motion pursuant to 28 U.S.C. § 2255 for relief from an allegedly illegal sentence. We affirm.

Defendant pleaded guilty, after filing a petition to plead guilty, to an indictment charging him with conspiracy to commit mail fraud in violation of 18 U.S.C. § 371. Based upon a typed sheet attached to the petition describing defendant's conduct and based upon questioning by the district court at the plea hearing, the district court found that defendant stipulated to facts establishing the more serious offense of arson. The district court followed U.S.S.G. § 1B1.2(a) and sentenced defendant pursuant to the guideline for arson, U.S.S.G. § 2K1.4(a)(1), rather than the guideline for mail fraud, U.S.S.G. § 2F1.1. Defendant received a prison sentence of forty-five months. Although the district court advised defendant of his right to appeal, he did not do so. Later, he moved for § 2255 relief, and the district court denied relief.

On appeal, defendant first argues that his counsel was ineffective for attaching the typed page to the petition to enter a plea of guilty. Defendant submits that neither he nor his attorney were aware he was pleading to a more serious offense or of the possible sentencing consequences and that he relied on counsel to decrease his sentence exposure. Therefore, he maintains his plea was

not knowing or voluntary and his counsel was ineffective in advising him to plead guilty.

To establish ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that he was prejudiced by the alleged deficiency. United States v. Cook, 49 F.3d 663, 665 (10th Cir. 1995)(citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). We review the district court's legal conclusions regarding ineffective assistance of counsel de novo. Id. We review the district court's interpretation and application of the guidelines de novo and its factual findings for clear error. Id.

In the case of a plea agreement, made either in writing or orally on the record, containing a stipulation specifically describing an offense more serious than the offense of conviction, the sentencing court applies the guideline most applicable to the stipulated offense. U.S.S.G. § 1B1.2(a); see id., Commentary, Application Note 1 (plea agreement may be made between the parties on the record during a plea proceeding). The sentence, however, is limited to the maximum permitted by the statute under which the defendant is convicted. U.S.S.G. § 1B1.2(a), Commentary, Application Note 1.

In the typed sheet, as well as at the plea proceedings, defendant admitted facts establishing a factual basis for sentencing based upon arson. After apparently agreeing with the facts presented by defendant at the plea hearing, the

government supplemented the facts, and defendant for the most part agreed with those facts. The acceptance of the facts by the parties constituted a stipulation to the elements of arson, see United States v. Gardner, 940 F.2d 587, 591 (10th Cir. 1991)(essence of stipulation is agreement); see generally Braxton v. United States, 500 U.S. 344, 347-49 (1991)(recognizing lower court accepted this interpretation of stipulation, but declining to define stipulation), requiring application of the arson guideline.

The record established counsel made no predictions to defendant concerning the sentence he would receive, defendant knew he would be sentenced pursuant to the guidelines, and defendant knew he was potentially subject to five years' imprisonment. As the district court found, the forty-five months' sentence was within the possible range of punishment defendant anticipated.

Thus, defendant's plea was knowingly and voluntarily entered because he understood the nature of the charges against him and the possible maximum sentence, admitted facts establishing a factual basis for sentencing based upon arson, and understood sentencing would be pursuant to the guidelines. Cf. United States v. Beard, 913 F.2d 193, 198-99 (5th Cir. 1990)(where defendant was sentenced for fraud, his plea for perjury was knowingly and intelligently entered even though he assumed he would be sentenced for perjury, because he admitted he had not been promised sentencing for perjury and he admitted the facts

required for a finding of fraud). Even if defendant and his counsel mistakenly believed the mail fraud guideline would be applied, the mistake was not grounds for invalidating the guilty plea. Cf. United States v. Bos, 917 F.2d 1178, 1182 (9th Cir. 1990)(plea bargain not invalidated where parties mistaken about applicable guideline). Furthermore, defendant at no time moved to withdraw his plea of guilty. Because defendant had full knowledge of the consequences of his plea, we conclude that defendant has not shown that his counsel's performance was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment. See Strickland, 466 U.S. at 687.

Defendant also argues that his counsel was ineffective because he prevented defendant from seeking a direct appeal. According to defendant, counsel advised him not to appeal as he would be subject to more charges and counsel did not do appellate work.

Defendant's assertion that counsel advised him not to appeal because he would be subject to more charges is merely conclusory. Cf. Moore v. United States, 950 F.2d 656, 660 (10th Cir. 1991)("A defendant making an ineffectiveness claim on a counseled guilty plea must identify particular acts and omissions of counsel tending to prove that counsel's advice was not within the wide range of professional competence."). In his brief in support of his § 2255 motion, defendant merely states, without more, that counsel advised him he

should not appeal. Appellant's App. at 29. Furthermore, the petition to enter a plea of guilty sets forth defendant's right to appeal. Also, the district court advised defendant of his right to appeal and to have an attorney appointed if he could not afford one. Defendant does not contend counsel advised him he could not appeal or that he asked counsel to file an appeal and counsel refused. Rather, defendant apparently decided not to seek other counsel to file an appeal, and counsel did not, as defendant argues, prevent him from appealing. This claim of ineffective assistance of counsel is therefore without merit.

Defendant believes the district court should have held an evidentiary hearing on the issues of ineffective assistance of counsel. Because the motion for relief and record conclusively showed that defendant was not entitled to relief, the district court did not err in failing to hold an evidentiary hearing. See United States v. Galloway, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995)(citing 28 U.S.C. § 2255).

Defendant argues that the district court erred in sentencing him pursuant to § 2K1.4(a)(1), because that section requires either destruction of a dwelling or a substantial risk of death or serious bodily injury to another and because no explosive was used to start the fire. A § 2255 motion cannot be used "to test the legality of matters which should have been raised on appeal." United States v. Khan, 835 F.2d 749, 753 (10th Cir. 1987), cert. denied, 487 U.S. 1222 (1988). A

defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion unless the defendant can show cause for procedural default and actual prejudice resulting from the alleged errors or a fundamental miscarriage of justice if the claim is not addressed. United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994)(applying this standard to collateral attack on sentence).

Defendant has not shown cause due to ineffective assistance of counsel for the procedural default. Furthermore, he has not shown prejudice because the guideline does not expressly require use of an explosive, and the commentary definition of explosive includes any destructive device, U.S.S.G. § 2K1.4(a)(1), Commentary, Application Note 3. The district court's factual determinations that the alternative elements set forth in § 2K1.4(a)(1), that the destroyed structure be a dwelling or that there be a substantial, knowingly created risk of death or serious bodily injury, were met are not clearly erroneous. Additionally, defendant has failed to show a fundamental miscarriage of justice.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge