103 F.3d 134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven BERGER, Defendant-Appellant.
 No. 96-2307.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 13, 1996.
Decided Nov. 27, 1996.
 
 Before CUMMINGS, RIPPLE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Steven Berger is serving a thirty-three month sentence after pleading guilty to one count of mailing a threatening communication to his former wife in violation of 18 U.S.C. § 876. Prior to his sentencing, he moved the district court pursuant to 18 U.S.C. § 4244(a)[1] for a hearing to determine his present mental condition. The district court denied his section 4244 motion and a subsequent motion to reconsider. Mr. Berger appeals.
 
 
 2
 Mr. Berger has prior misdemeanor convictions involving harassment, dating back to 1977, of his former wife and former girlfriends. In the late 1980s, Mr. Berger had a series of psychiatric and psychological examinations. The impetus for these examinations was, he admitted, his irregular handling of rejection in relationships with the opposite sex. In 1990, Mr. Berger was married to Samantha Berger in California. After their divorce in 1992, Mr. Berger returned to Indiana. After his return, he mailed two letters threatening Ms. Berger's life. These mailings resulted in the federal charges in this case.
 
 
 3
 In 1994, before his federal conviction, Mr. Berger, after stalking and harassing a woman, was sentenced to one year of incarceration in the Porter County, Indiana Jail for invasion of privacy in violation of the Indiana Code. While incarcerated for that offense, he continued to harass the victim. This conduct resulted in two additional counts of invasion of privacy. Mr. Berger pleaded guilty and received an additional year in the Porter County Jail on the first count and a suspended sentence on second count. At sentencing, the state judge ordered Mr. Berger to obtain a psychological evaluation as a condition of probation upon the completion of his term of state imprisonment. This condition was ordered so that Mr. Berger would "[u]ndergo any necessary medical, psychiatric, or psychological treatment that may be required to help [him] successfully implement completion of probation."
 
 
 4
 While incarcerated for the Indiana state convictions, Mr. Berger was indicted on the federal charges of two counts of mailing a threatening communication to his former wife in violation of 18 U.S.C. § 876. Mr. Berger was subsequently taken into federal custody pursuant to a writ of habeas corpus ad prosequendum in November 1994. When the Indiana sentence was completed, he was detained pending trial on the federal charges.
 
 
 5
 In 1995, before the district court, Mr. Berger pleaded guilty to Count 2. Count 1 was dismissed pursuant to a plea agreement. Prior to sentencing, Mr. Berger filed a motion pursuant to 18 U.S.C. § 4244 seeking a hearing to determine his present mental condition. In his motion, Mr. Berger relied upon psychiatric and psychological examinations conducted in the late 1980s. He did not attach the reports from these examinations to the motion. He argued that these evaluations created reasonable cause to believe that he might be suffering from a mental disease or defect requiring hospitalization in lieu of incarceration pursuant to 18 U.S.C. § 4244(d).
 
 
 6
 The district court denied Mr. Berger's motion ruling that:
 
 
 7
 Examinations conducted five years ago do not provide such "substantial" information, particularly in the light of the court's observation of defendant when accepting his guilty plea. At that hearing defendant manifested no signs whatsoever that he suffers from a present mental disease or defect requiring treatment.[2]
 
 
 8
 Mr. Berger then filed a motion to reconsider based on the state sentencing transcript which reflected that the Indiana state judge had ordered a psychological evaluation upon completion of his state imprisonment. The district court denied the motion to reconsider. It reasoned that the state judge's order of an examination as a condition of probation reflected that Mr. Berger "is not in need of immediate, present confinement in an institution for treatment of a mental disease or defect."
 
 
 9
 At the 1996 sentencing hearing, Mr. Berger moved for a downward departure for diminished capacity under U.S.S.G. § 5K2.13, which the district court denied. At that time, the psychiatric and psychological reports, to which Mr. Berger had made reference in his section 4244 motion, were entered in the district court record as exhibits for the first time.
 
 
 10
 On appeal, Mr. Berger argues that the district court erred in refusing to order an examination of mental condition at sentencing pursuant to 18 U.S.C. § 4244. Section 18 U.S.C. § 4244(a)[3] reads:
 
 
 11
 (a) Motion to determine present mental condition of convicted defendant. A defendant found guilty of an offense, or the attorney for the Government, may, within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced, file a motion for a hearing on the present mental condition of the defendant if the motion is supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. The court shall grant the motion, or at any time prior to the sentencing of the defendant shall order such a hearing on its own motion, if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. (emphasis added).
 
 
 12
 Generally, section 4244 provides, if the district court determines the defendant should be committed in lieu of imprisonment, for a provisional sentence committing a defendant suffering from a mental disease or defect to a suitable facility for treatment of the disease or defect. See 18 U.S.C. § 4244(a) & (d); See also Barth, 28 F.3d 253, 254 (2d. Cir.1994). Under section 4244(a), the motion for a hearing may be brought by either the defendant or the government, but must be supported by "substantial information" indicating that the defendant might presently be suffering from a mental disease or defect. 18 U.S.C. § 4244(a). Additionally, the court, on its own motion, can order a hearing if there is reasonable cause to believe the defendant is suffering from a mental disease or defect. Barth, 28 F.2d at 254.
 
 
 13
 The issue before us involves the facial sufficiency of Mr. Berger's section 4244 motion and motion to reconsider and whether there was "substantial information" to warrant a hearing. Mr. Berger's section 4244 motion was premised on psychological evaluations conducted in the late 1980s. In its order denying Mr. Berger's motion, the district court indicated that the examinations were conducted five years before the sentencing and did not provide the requisite "substantial information" indicating that Mr. Berger might have been suffering from a mental disease or defect. At the hearing, the district court also observed that Mr. Berger manifested no signs that he suffered from a present mental disease or defect requiring treatment.
 
 
 14
 Mr. Berger failed to attach the psychological and psychiatric examinations to his section 4244 motion; accordingly, the motion is facially insufficient. The mere mention of the psychiatric or psychological examinations from the late 1980s does not constitute providing "substantial information" to the district court for its determination. Also, we agree with the district court that the dated psychological evaluations are too attenuated from the district court's determination of Mr. Berger's present mental condition. Cf. United States v. Scarpa, 913 F.2d 993, 1023-24 (2d Cir.1990) (applying former section 4244(a)).
 
 
 15
 Mr. Berger's motion to reconsider sets forth the state sentencing transcript as newly discovered evidence that the section 4244 motion ought to have been granted. Stating that Mr. Berger needed some supervision for psychological evaluations and treatment, the state judge had ordered him to "[u]ndergo any necessary medical, psychiatric, or psychological treatment that may be required to help [him] successfully implement completion of probation." Mr. Berger asserts that this transcript was unavailable until after the denial of his original section 4244 motion. However, the Presentence Investigation Report reveals that this condition of probation was readily ascertainable by to Mr. Berger at the time of his state sentencing in 1994. Therefore, the transcript does not constitute newly discovered evidence for the purposes of a motion to reconsider.
 
 
 16
 In any event, we conclude that Indiana sentencing transcript is not "substantial information" supporting the need for a hearing under section 4244. In United States v. Bos, 917 F.2d 1178, 1183 (9th Cir.1990), the defendant based his section 4244 motion on the fact that his mental health care provider had told the probation office that he was delusional and had "little perception of his real self." Id. Based on these assertions, the district court held that the defendant had not provided the court with any substantial information which indicated a need for a hearing under the current section 4244. Id. In Bos, the court denied a hearing to determine mental condition and the court of appeals affirmed its determination. Here, Mr. Berger's basis for a hearing is far less concrete.
 
 
 17
 Because Mr. Berger's section 4244 motion and motion to reconsider are facially insufficient and do not proffer substantial information supporting his need for a mental determination at sentencing, the district court did not abuse its discretion in denying the motions.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 The Insanity Defense Reform Act, which was part of the Comprehensive Crime Control Act of 1984, replaced the former 18 U.S.C. § 4244 with 18 U.S.C. § 4241 (Determination of Mental Competency to Stand Trial). The Act made changes in both determining the defendant's competency to stand trial and for the hospitalization of convicted offenders with a mental disease or defect. See 1 Charles Alan Wright, Federal Practice & Procedure, § 196 (Criminal 2d ed. Supp.1996). The Act included the new section 4244, which relates to the convicted defendant's mental condition at sentencing and thus whether the defendant should be committed in lieu of imprisonment. See 18 U.S.C. § 4244
 
 
 [2]
 Appellant failed to provide the district court's orders denying both his section 4244 motion and his motion to reconsider in his appellate brief's appendix in violation of Circuit Rule 30(a). See In the Matter of Galvan, 92 F.3d 582, 582-83 (7th Cir.1996)
 
 
 [3]
 This statute was promulgated to establish a procedure for cases when the defendant is convicted, but is presently suffering from a mental disease or defect. Prior to the Insanity Defense Reform Act of 1984, there was no such provision and the court was required to leave the defendant's care to the discretion of the correctional facility