**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Stephen CUPKA, Defendant–Appellant.**

**No. 00–10068.**

**D.C. No. CR–96–00038–JBR.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2000 *.

Decided June 28, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before KLEINFELD, HAWKINS, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Cupka was convicted of arson, conspiracy to commit arson, and aiding and abetting. He appeals the district court's application of the base offense level of 20 for creating a substantial risk of death or serious bodily injury.[1] Whether a defendant recklessly created a substantial risk of death or serious bodily harm is a factual question, and the district court's findings are reviewed for clear error.[2]

U.S.S.G. § 2K1.4(a)(2) provides a base offense level of 20 for crimes of arson which involve property damage by use of explosives "if the offense (A) created a substantial risk of death or serious bodily injury to any person other than a participant in the offense." We apply this base offense level if the fire is started in close proximity to dwellings or if the fire is located where people are likely to pass by.[3] The cars that Cupka burned were parked close to apartment buildings and on two occasions people stopped by the fires. The district court's finding that Cupka's fires created a substantial risk of death or serious bodily injury was not clearly erroneous.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. U.S.S.G. § 2K1.4(a)(2) (2001).

2. *See United States v. Bos*, 917 F.2d 1178, 1180 (9th Cir.1990).

3. *See United States v. Karlic*, 997 F.2d 564, 569 (9th Cir.1993) (upholding a higher base level offense under § 2K1.4(b)(1), an earlier version of § 2K1.4(a)(1), in part because one of the banks Karlic bombed was adjacent to an apartment complex, which created a substantial risk of death or injury to the occupants); *Bos*, 917 F.2d at 1182 (stating that it was not clearly erroneous for the district court to apply § 2K1.4(b)(1) because the store the defendant attempted to blow up was near public streets and other businesses with pedestrian access).