UNITED STATES of America, Plaintiff—Appellee,

v.

Shannon B. MORLEY, Defendant—Appellant.

No. 03–30427.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

George JC Jacobs, III, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Terence M. Ryan, Esq., Spokane, WA, for Defendant–Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

### MEMORANDUM **

Shannon Bruce Morley appeals his 92–month sentence, which resulted from his guilty plea to the malicious use of fire to damage property used in interstate commerce, in violation of 18 U.S.C. § 844(i). Morley contends that the district court erred when it increased his base offense level by four levels under U.S.S.G. § 2K1.4(a)(1)(A). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm the sentence imposed by the district court.

Whether a defendant knowingly created a substantial risk of death or serious bodily injury is a factual question. *United States v. Karlic,* 997 F.2d 564, 568 (9th Cir.1993). We therefore review the district court's findings in support of a sentencing enhancement pursuant to U.S.S.G. § 2K1.4 for clear error. *Id.*

U.S.S.G. § 2K1.4(a)(1)(A) provides a base offense level of 25 if "the offense created a substantial risk of death or serious bodily injury to any person other than a participant in the offense, and that risk was created knowingly." Morley argues that U.S.S.G. § 2K1.4(a)(2)(A) required a base offense level of 20 because Morley acted without knowledge of the substantial risk.

A person acts knowingly in creating a substantial risk of death or serious bodily injury when (1) it is practically certain that his actions would cause a substantial risk

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of death or serious injury; and (2) he was aware of that fact. *United States v. Beardslee*, 197 F.3d 378, 389 (9th Cir.1999).

The district court considered sufficient evidence to support its finding that Morley's planning and assisting in the starting of "diversionary" fires with incendiary fluid in department stores during business hours was practically certain to create a substantial risk of death or serious injury to store customers and employees. *See Karlic*, 997 F.2d at 569–70; *United States v. Bos*, 917 F.2d 1178, 1182 (9th Cir.1990).

The district court's finding of requisite knowledge is supported by Morley's own testimony that he knew customers were present in the stores when the fires were set. *See Karlic*, 997 F.2d at 569–70 (knowledge of substantial risk found where defendant was aware that neighboring residents were practically certain to be present in their apartments when he and co-defendant used homemade explosives in nearby bank depository and was aware that bank customers did use depositories at the same time of night); *Bos*, 917 F.2d at 1182 (knowledge of substantial risk properly found where defendant was aware that explosive device was detonated in a commercial building near public streets and other businesses with pedestrian access); *cf. Beardslee*, 197 F.3d at 389 (defendant did not knowingly create substantial risk where arson to warehouse occurred in the middle of the night and warehouse was located in a non-residential area and was not immediately adjacent to neighboring buildings).

**AFFIRMED.**