**UNITED STATES of America**

v.

**Rodney POLLARD, Appellant.**

**No. 92–5278.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Jan. 8, 1992.

Decided Feb. 18, 1993.

---

Edna B. Axelrod and Glenn J. Moramarco, Office of U.S. Atty., Newark, NJ, for appellee.

Jerome A. Ballarotto, Trenton, NJ, for appellant.

Before: MANSMANN and NYGAARD, Circuit Judges and DALZELL, District Judge.*

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Rodney Pollard appeals his conviction and sentence for several counts involving a conspiracy to kidnap or lure adolescent boys across a state line and commit sexual acts with them. Pollard's sole colorable contention on appeal is that it was improper for the district court to apply the criminal sexual abuse guideline because he was not charged with that offense. Because we conclude that there is no statutory or constitutional requirement that a defendant be charged with conduct before that conduct may be considered in sentencing, we will affirm.

### I.

Rodney Pollard and Dallas Craig were indicted on five counts of interstate transportation of a minor with intent to commit sex offenses in violation of 18 U.S.C. §§ 2422, 2423, two counts of kidnapping for the purposes of engaging in sexual assault in violation of 18 U.S.C. § 1201, and one count of conspiracy to transport minors

* Honorable Stewart Dalzell, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

interstate for the commission of sex offenses in violation of 18 U.S.C. § 371. Craig entered a guilty plea to conspiracy and one count of interstate transportation of a minor with intent to commit sex offenses. A jury found Pollard guilty on all counts and the district court sentenced him to 262 months imprisonment pursuant to U.S.S.G. §§ 2A4.1 and 2A3.1.[1]

The defendants' scheme, although shocking, was relatively simple. Pollard would approach boys in New York City, telling them that they had the physical appearance to become models and that he, as a talent agent, could help them. Through flattery and other inducements, such as promises of money and gifts, Pollard would lure boys to an apartment in New Jersey which he shared with Craig. When this technique failed, Pollard or Craig resorted to other measures, for example money in exchange for cleaning Craig's office. In one case, the method was more direct—a blow to the head.

Once the boys were lured or kidnapped and brought to New Jersey, defendants would get friendly with them by allowing them to watch TV or play Nintendo. Defendants would then typically offer the boys drinks which had been surreptitiously laced with the tranquilizer benzodiazapine. After the boys became unconscious or drowsy, the appellant would sexually assault them.

## II.

## A.

The most serious crimes of which Pollard was convicted were the two kidnapping counts under 18 U.S.C. § 1201. According to the 1990 Sentencing Guidelines, U.S.S.G. § 2A4.1, kidnapping carries a base offense level of 24. The Guidelines, however, provide

[i]f the victim was kidnapped, abducted, or unlawfully restrained to facilitate the commission of another offense: (A) increase by four levels; or (B) if the result

of applying this guideline is less than that resulting from application of the guideline for such other offense, apply the guideline for such other offense.

U.S.S.G. § 2A4.1(5).

Because the kidnapping was perpetrated to facilitate a sexual scheme, the district court referred to U.S.S.G. § 2A3.1 (criminal sexual abuse). This guideline provides a base offense level of 27, but includes several enhancement provisions. Under section 2A3.1(b), the district court added four points because Pollard drugged his victims, two points because some of the victims were under sixteen, and four points because he abducted two of his victims, giving Pollard an offense level of 37.[2]

## B.

Pollard asserts that it was improper for the district court to apply the guideline for criminal sexual abuse because he was never charged with that offense. Indeed, he argues that because the sexual abuse statutes, 18 U.S.C. §§ 2241, 2242, have a jurisdictional requirement that the crime occur "in the special maritime and territorial jurisdiction of the United States or in a federal prison," and because the sexual assaults occurred instead on private property, he could not possibly have been convicted in federal court of that crime, and the court erred by adjusting his sentence based on that conduct. We disagree.

There is no statutory or constitutional requirement that a defendant be convicted of conduct before the conduct may be considered in sentencing. Indeed, the conduct need not even be shown beyond a reasonable doubt, but only by a preponderance, *United States v. Kikumura*, 918 F.2d 1084, 1099 (3d Cir.1990), reflecting "the judgment that a convicted criminal is entitled to less process than a presumptively innocent criminal defendant." *Id.* at 1100. The Due Process clause sets no lim-

---

**1.** Pollard's total offense level under the 1990 guidelines, after applying the adjustments called for, was 39 and his criminal history was I. This resulted in a guideline range of 262–327 months.

**2.** Two points were then added pursuant to U.S.S.G. § 3D1.1 (multiple counts). Thus, the total offense level was 39.

its on the relevant, proven *conduct* that a sentencing judge may consider when imposing sentence, and a sentencing court possesses great discretion in the conduct it may consider. *See United States v. Tucker*, 404 U.S. 443, 445–47, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *Williams v. New York*, 337 U.S. 241, 250–52, 69 S.Ct. 1079, 1085, 93 L.Ed. 1337 (1949). This is true even if the conduct was not proved at trial, but came from a presentence report, *Williams, id.*

■ Under the Sentencing Guidelines, the procedures are circumscribed, and the court must begin with the guideline applicable to the conduct charged in the indictment. *See United States v. Padilla*, 961 F.2d 322, 325–26 (2d Cir.1992). But, in doing so, the court may consider uncharged conduct in determining whether and how to apply upward or downward adjustments. *United States v. Frierson*, 945 F.2d 650, 653–55 (3d Cir.1991); *United States v. Cianscewski*, 894 F.2d 74, 80–81 (3d Cir. 1990).[3] As applied here, this general rule authorizes a district court to consider uncharged, relevant state conduct as well as federal. In this respect, *United States v. Smith*, 910 F.2d 326, 330 (6th Cir.1990) is instructive. *Smith* involved U.S.S.G. § 2K2.1, which permits a sentencing enhancement for firearms violations when the firearms are used in the commission of another offense. The commentary to § 2K2.1 states that one of the reasons for the enhancement is that the firearms statute is often used as a jurisdictional basis to prosecute as federal offenses conduct that would otherwise be only a violation of state law. That reasoning applies to the case here. The true *malum in se* in this case, other than the kidnapping, was not the transportation across state lines, but the sexual abuse itself. This is the relevant conduct that must be punished.

■ Thus, while it was important to the district court's consideration that Pollard committed sexual abuse, it makes no difference that the same court lacked jurisdiction to try him for it. Once a jurisdictional basis existed over the kidnappings, then all relevant conduct could properly be considered in Pollard's sentence. *See United States v. Byrd*, 954 F.2d 586, 589 (9th Cir. 1992); *United States v. Bos*, 917 F.2d 1178, 1181 (9th Cir.1990) (defendant who pleaded guilty to a single count of mail fraud for setting his business on fire was properly sentenced under the guideline for arson, although he could not have been charged with arson as a federal offense); *United States v. Cherif*, 943 F.2d 692, 702 (7th Cir.1991) (defendant sentenced under guideline for insider trading even though charged only with mail and wire fraud); *United States v. Harris*, 932 F.2d 1529, 1537 (5th Cir.1991) (defendant sentenced under murder guideline although indicted for firearms violation); *United States v. Shinners*, 892 F.2d 742, 743 (8th Cir.1989) (defendant sentenced under aggravated assault guideline after pleading guilty to firearms charge).

Finally, we said in *United States v. Mobley*, 956 F.2d 450, 455 (3d Cir.1992) that "once convicted, a defendant has a liberty interest in the correct application of the [Sentencing] Guidelines within statutory limits, nothing more and nothing less." Under the terms of 18 U.S.C. § 1201, a person convicted of kidnapping may be imprisoned "for any term of years or for life," and thus, the imposition of a 262–month sentence, falling within the statutory limits, does not violate due process.

### III.

After consideration of all issues raised both in the brief filed by appellant's attorney and by appellant in his pro se brief, we

---

**3.** Indeed, the Guidelines themselves provide that relevant conduct includes "all acts or omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense[.]" U.S.S.G. § 1B1.3(a)(1).

find them to be without merit and will affirm.[4]

---

**4.** Those issues included:

1) Whether the out-of-court identification of appellant was impermissibly suggestive and should be have been suppressed;

2) Whether the trial court abused its discretion in allowing the expert testimony of Dr. Weiss;

3) Whether the trial court abused its discretion by allowing Detective Critchley to testify as a rebuttal witness in spite of the court's sequestration order;

4) Whether the admission of the testimony of Robert A. was a flagrant violation of Fed. R.Evid. 404(b) and should have been excluded pursuant to Rule 403;

5) Whether the testimony of Tyrone Frazier should have been precluded pursuant to Fed. R.Evid. 403 because it was a flagrant violation of Rule 404(a);

6) Whether the district court erred in applying the guidelines of Criminal Sexual Abuse:

(a) Whether it is a violation of appellant's right to due process to use the guidelines for a statute, the violation of which appellant could not have been charged;

(b) Whether the district court erred in enhancing the Criminal Sexual Abuse guideline with a four-level increase for abduction;

7) Whether the Government committed prosecutorial misconduct by withholding or suppressing exculpatory evidence;

8) Whether appellant's attorney rendered ineffective assistance of counsel;

9) Whether the district court erred by denying appellant's mistrial motion for violation of his due process rights;

10) Whether the district court erred by denying appellant an opportunity to litigate a Fourth Amendment issue; and

11) Whether the district court erred by denying appellant's motion for a judgment of acquittal based on the disregard for his constitutional rights.