

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2003

# USA v. White

Precedential or Non-Precedential: Non-Precedential

Docket 01-3912

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. White" (2003). *2003 Decisions.* Paper 861.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/861

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-3912
_____

UNITED STATES OF AMERICA

v.

JAMES WHITE,
                        Appellant


_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 00-cr-00742
District Judge:  The Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2003
_____

Before: SCIRICA, BARRY, and SMITH, Circuit Judges

(Opinion Filed: January 24, 2003 )


OPINION


BARRY, Circuit Judge
    Appellant James White pled guilty to two counts of bank fraud, pursuant to 18 U.S.C.
 1344, and was sentenced, as relevant here, to 46 months' imprisonment.  He now appeals.
We have jurisdiction under 28 U.S.C.   1291 and 18 U.S.C.   3742(a), and will affirm.

                        I.
    Between October 1997 and December 1998, White and a friend bought a large
number of evergreen trees with counterfeit checks.  On May 15, 2001, White pled guilty to
two counts of bank fraud.  As part of his plea agreement, the government agreed that White
had accepted responsibility as of the date of the plea agreement and qualified for a two-level
reduction pursuant to   3E1.1(a) of the United States Sentencing Guidelines.
    On October 17, 2001, at White's sentencing hearing, a Secret Service Special Agent
testified that on August 17, 2001, White had been arrested for a bail violation after he was
found in possession of four counterfeit credit cards and one counterfeit driver's license.  Th
government argued that White was no longer entitled to the two-level reduction for
acceptance of responsibility.  After oral argument, the District Court advised White of his
Fifth Amendment rights and invited him to make a statement with respect to the counterfeit
credit cards and license or anything else he wanted the Court to know.  Among other things,
White explained that on August 17, he was on his way out of his house to dispose of the
counterfeit objects when he was arrested.  The District Court found that White had not
accepted responsibility for his conduct because he had not voluntarily terminated or
withdrawn from criminal conduct or associations, and sentenced White to 46 months'
imprisonment.

White contends that the District Court erred by (1) compelling him to testify to allegedly incriminating relevant conduct as a condition precedent to determining whether he had accepted responsibility under 3E1.1 in violation of his Fifth Amendment rights, and (2) concluding that he had failed to renounce his criminal associations as a basis for finding that he had not accepted responsibility under 3E1.1. We review a district court's factual determinations with respect to acceptance of responsibility under a clearly erroneous standard. United States v. Muhammad, 146 F.3d 161, 167 (3d Cir. 1998). We have plenary review of constitutional questions and of the District Court's interpretation of the sentencing guidelines. United States v. Dorsey, 166 F.3d 558, 560 (3d Cir. 1999).

## II.

Section 3E1.1(a) provides for a two-level reduction in the defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." Among other factors, the sentencing court may consider whether there has been "voluntary termination or withdrawal from criminal conduct or associations." 3E1.1, Application Note 1(b). We have held that Application Note 1(b) applies not only to the offense for which the defendant was convicted, but also to related conduct. United States v. Frierson, 945 F.2d 650, 656 (3d Cir. 1991).

White first argues that the District Court violated his Fifth Amendment right to be free from compelled self-incrimination. After advising White of his Fifth Amendment rights, the District Court informed him that it would consider the government's evidence that he had been found with counterfeit access devices and arrested for a violation of bail and that he ha an opportunity to make a statement about that or anything else he wanted the District Court to consider. White never asserted his Fifth Amendment privilege. "[R]equiring a defendant to accept responsibility in order to obtain a sentence reduction is not a threat to impose punishment for an assertion of the [Fifth Amendment] privilege." Frierson, 945 F.2d at 661. Moreover, the District Court neither required White to make a statement nor conditioned the two-level reduction for acceptance of responsibility, either expressly or by implication, on his making a statement. Because the District Court did not compel White to admit possession of the counterfeit access devices, his Fifth Amendment rights were not violated.

Second, White argues that the District Court erred in concluding that he had failed to renounce his criminal associations as a basis for finding that he had not accepted responsibility under 3E1.1. The defendant bears the burden of establishing by a preponderance of the evidence that he is entitled to a sentence reduction. United States v. Muhammad, 146 F.3d 161, 167 (3d Cir. 1998). "Continued criminal activity, even differing in nature from the convicted offense, is inconsistent with acceptance of responsibility . . . [A] sentencing judge may . . . consider unlawful conduct committed by the defendant while on pre-trial release awaiting sentencing as well as any violations of the conditions of this p trial release in determining whether the court should grant a reduction in the offense level f acceptance of responsibility." United States v. Ceccarani, 98 F.3d 126, 130-31 (3d Cir. 1996). A court "may consider uncharged conduct in determining whether and how to apply upward or downward adjustments." United States v. Pollard, 986 F.2d 44, 47 (3d Cir. 1993).

In finding that White had not renounced his criminal associations, the District Court credited the Special Agent's testimony that White was discovered with several counterfeit access devices after entering into his plea agreement and was arrested for violating the conditions of his bail. Had a jury found that White possessed these counterfeit access devices, he would have been guilty of access device fraud under 18 Pa. Cons. Stat. 4106(a)(3). The government need not show that he used the counterfeit devices, for the knowing possession of an access device constitutes commission of the offense. If an actor has in his possession at least two such devices, he or she is presumed to know that they are counterfeit. 18 Pa. Cons. Stat. 4106(a.1)(1). Therefore, White's possession of the counterfeit devices is relevant criminal conduct that the District Court properly considered in determining whether he had accepted responsibility.

White also contends that the District Court did not make a specific finding that it disbelieved his testimony that he was just about to dispose of the counterfeit devices when he was arrested, and that, in any event, this testimony was never contradicted by the government. As stated above, however, mere possession of the devices was sufficient to constitute criminal conduct, regardless of how White intended to use them in the future. The District Court did not err in finding that on the basis of his continued involvement in releva criminal conduct, White had not accepted responsibility under 3E1.1.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Maryanne Trump Barry
Circuit Judge