

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2003

# African Amer v. Pittsburgh

Precedential or Non-Precedential: Non-Precedential

Docket 01-1796

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"African Amer v. Pittsburgh" (2003). *2003 Decisions.* Paper 760.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/760

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No: 01-1796

———————

UNITED STATES OF AMERICA

v.

MACARIO GARCIA,

Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00026)
District Judge: Honorable Malcolm Muir

———————

Submitted Under Third Circuit LAR 34.1(a)
on January 13, 2003

Before: ROTH, FUENTES
and ALDISERT, Circuit Judges

(Opinion filed: March 4, 2003)

———————

O P I N I O N

ROTH, Circuit Judge:

Macario Garcia appeals the sentence imposed on him by the United States District Court for the Middle District of Pennsylvania. On November 1, 2000, Garcia pled guilty to two counts of threatening correctional officers in violation of 18 U.S.C. § 115 (a)(1)(B). During the course of Garcia's case before the District Court, Garcia was represented by four different court-appointed attorneys. All were permitted by the court to withdraw. On February 28, 2001, the District Court ruled that Garcia had forfeited his right to be represented by counsel in any remaining proceedings due to his extremely serious misconduct. On March 22, 2001, the District Court sentenced Garcia to 46 months imprisonment.

Garcia appeals this sentence on several grounds: (1) the District Court erred in calculating his offense level under U.S.S.G. § 2A6.1, (2) the District Court erred in not decreasing his sentence under U.S.S.G. § 2A6.1(b)(5), (3) the District Court erred in finding he obstructed justice under U.S.S.G. § 3C1.1, (4) the District Court erred in not applying a downward departure under U.S.S.G. § 3E1.1 for his acceptance of responsibility, (5) the District Court deprived him of his 6th Amendment right to counsel, and (6) his attorney was ineffective because he did not request another mental evaluation.

We have appellant jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary

2

review over the District Court's interpretation and legal applications of the Sentencing Guidelines. *United States v. Figueroa,* 105 F. 3d 874, 875-76 (3d Cir. 1997) *citing United States v. Hallman,* 23 F. 3d 821, 823 (3d Cir. 1994). We review the District Court's factual applications of the Sentencing Guidelines for clear error only. *Id.*

First, Garcia contends that the District Court erroneously applied U.S.S.G. § 2A6.1 in calculating his offense level. Garcia's guilty plea, however, was based on a written plea agreement between himself, his court-appointed attorney at the time, Ronald Travis, and the U.S. Attorney. In Point 1 of the Plea Agreement, Garcia agreed to plead to two counts under 18 U.S.C. § 115 (a)(1)(B). In Point 12 of the Plea Agreement, the United States and Garcia agreed that "the maximum penalty with respect to each count under Title 18, United States Code, § 115 (b)(4) is not more than three (3) years imprisonment." At Garcia's plea hearing, the District Court found the plea agreement to be knowingly, voluntarily and intelligently accepted. Garcia and his counsel agreed to Garcia being sentenced under § 115 (b)(4). It is clear in the Statutory Index, Appendix A, of the United States Sentencing Guidelines, that a defendant convicted of violation of § 115 (b)(4) is to be sentenced under U.S.S.G. § 2A6.1. For that reason, the District Court correctly applied U.S.S.G. § 2A6.1.

Second, Garcia argues the District Court should have decreased his sentence by four offense levels under U.S.S.G. § 2A6.1 (b)(5)(B) because the "offense involved a single instance evidencing little or no deliberation." Garcia contends that he raised a similar objection at his sentencing hearing but the District Court ignored it. During the sentencing hearing, however, Garcia was given a two hour and 26 minute recess to review the

3

presence report. Included in the report was Garcia's sentencing calculation. After the recess, Garcia was asked if he objected to any portions of the report. He had no objections. Moreover, the District Court concluded that Garcia's conduct was part of a concerted effort on multiple occasions to threaten and assault prison staff. Our review of the record convinces us that the District Court did not err in so concluding.

Third, Garcia argues the District Court erred in finding that he obstructed justice when he asked another inmate, Pierre Cannon, to testify falsely. Garcia contends that this testimony was not material to and did not relate to the offenses of conviction. Nonetheless, under U.S.S.G. § 3C1.1 Application Note 4(b), "committing, suborning, or attempting to suborn perjury" is conduct that suffices as obstruction of justice and permits an offense level increase of two. We conclude that the District Court did not err in enhancing Garcia's offense level under U.S.S.G. § 3C1.1 for his obstruction of justice.

Fourth, Garcia argues the District Court should have found that he accepted responsibility under U.S.S.G. § 3E1.1. We are guided by Application Note 5 of U.S.S.G. § 3E1.1, which states "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." Moreover, case law allows the District Court to look at any post-offense conduct, whether relating to the original crime or not. *See United States v. Ceccarani*, 98 F. 3d 126, 129 (3d Cir. 1996). The District Court is permitted to consider uncharged conduct in determining whether and how to apply an adjustment for acceptance of responsibility. *United States v. Pollard*, 986 F. 2d 44, 47 (3d Cir. 1997).

4

We conclude that the District Court used relevant and applicable post-offense conduct by Garcia to determine that a downward departure for acceptance of responsibility was not warranted under U.S.S.G. § 3E1.1.

Fifth, Garcia contends that he was subjected to ineffective assistance of counsel when his last court-appointed attorney did not have him evaluated by a private mental health professional. We have repeatedly held, however, that "the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed." *See United States v. Theodoropoulos,* 866 F. 2d 587, 598 (3d Cir. 1989). There is a narrow exception to this rule, "where the record is sufficient to allow determination of ineffective assistance of counsel, an evidentiary hearing to develop the facts is not needed." *United States v. Headley,* 923 F. 2d 1079, 1083 (3d Cir. 1991) *citing Government of Virgin Islands v. Zepp,* 748 F. 2d 125, 133 (3d Cir. 1984). Garcia does not point us to any relevant parts of the record that could be sufficient to allow such a determination. We conclude that his claims cannot now be reviewed. If he decides to pursue this issue, he must do so in a later petition for habeas corpus.

Finally, Garcia argues that the District Court erroneously deprived him of his right to counsel. Garcia contends the District Court should not have allowed his third of four court-appointed attorneys, Robert Travis, to withdraw because of a potential necessity for Travis to be a fact witness in a future proceeding. However, after Travis's withdrawal, the District Court appointed a fourth attorney, Stephen Smith. It was at the time of Smith's

withdrawal that the District Court deemed Garcia to have forfeited his right to counsel.

The District Court found that Garcia had engaged in threatening and abusive misconduct involving all four of his court-appointed attorneys. Further, the District Court gave Garcia an unequivocal "fair warning" as to his potential forfeiture if he continued this conduct. This warning was given nine months and two attorneys prior to the District Court's decision to forfeit Garcia's right to counsel because of his abusive and threatening conduct.

For the above reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/Jane R. Roth
    Circuit Judge