NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2007
Decided September 27, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 07-1888

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> ALBERT BARRINGER, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:07CR00009-001 <br><br> John Daniel Tinder, <br> *Judge.* |

**O R D E R**

Albert Barringer—a homeless man with a previous conviction for threatening a United States probation officer—used a razor to scratch the paint on four vehicles parked outside the federal courthouse in Indianapolis, Indiana. Three of them were privately owned, but one was a Chevrolet Tahoe owned by the United States Marshals Service; Barringer scratched the letters "USM" onto its door. Barringer pleaded guilty to damaging government property, *see* 18 U.S.C. § 1361, and the parties stipulated that the loss for purposes of applying the sentencing guidelines did not exceed $5,000. But the probation officer calculated a loss of $7,034, which included the damage Barringer caused to the privately owned vehicles. At sentencing the district court adopted the probation officer's calculation. The court thus started with a base offense level of six, *see* U.S.S.G. § 2B1.1(a)(2), and added

two levels to reflect a loss between $5,000 and $10,000, *see id.* § 2B1.1(b)(1)(B). After subtracting two levels for acceptance of responsibility, *see id.* § 3E1.1(a), the court applied the resulting offense level of 6 against Barringer's criminal history category of IV, for a guidelines imprisonment range of 6 to 12 months. The court then considered the sentencing factors under 18 U.S.C. § 3553(a) and sentenced Barringer to a term of 30 months.

Barringer appeals, but his appointed counsel has moved to withdraw because he cannot discern any nonfrivolous argument to pursue. *See Anders v. California,* 386 U.S. 738 (1967). We invited Barringer to comment on counsel's submission, *see* Cir. R. 51(b), but he has not responded. We review only those potential issues identified in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel reports that Barringer does not want to have his guilty plea set aside, and thus he considers only potential challenges to Barringer's sentence. *See United States v. Knox,* 287 F.3d 667, 670-71 (7th Cir. 2002). Counsel first asks whether Barringer might argue that the district court erred by considering as relevant conduct his vandalism of the privately owned vehicles when that conduct could be charged only as a state, rather than a federal, offense. *See* Ind. Code 35-43-1-2. But nothing in the sentencing guidelines precludes the court from considering an uncharged state offense as relevant conduct. *See* U.S.S.G. § 1B1.3(a)(1); *United States v. Johnson,* 324 F.3d 875, 877-78 (7th Cir. 2003); *United States v. Hough,* 276 F.3d 884, 898 (6th Cir. 2002); *United States v. Martin,* 157 F.3d 46, 51 (2d Cir. 1998); *United States v. Pollard,* 986 F.2d 44, 47 (3d Cir. 1993); *United States v. Newbert,* 952 F.2d 281, 284 (9th Cir. 1991). Indeed, we have recognized that "the Supreme Court has consistently approved the use of virtually any conduct (uncharged, acquitted, or otherwise) in sentencing." *United States v. Porter,* 23 F.3d 1274, 1279 (7th Cir. 1994). Accordingly, counsel properly concludes that it would be frivolous for Barringer to argue that the district court erred in considering as relevant conduct his damage to the privately owned vehicles.

Counsel next considers whether Barringer could argue that his above-guidelines prison sentence is unreasonable. In reviewing the reasonableness of the sentence, we would ask simply whether the district court gave a reasoned basis for it after considering the parties' arguments and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Rita v. United States,* 127 S.Ct. 2456, 2468 (2007); *United States v. Vitrano,* 495 F.3d 387, 391 (7th Cir. 2007). The farther the sentence varies from the advisory guidelines range, the more detailed the court's explanation must be. *United States v. Walker,* 447 F.3d 999, 1007 (7th Cir. 2006). Here, the sentencing court explicitly considered the factors set forth in § 3553(a) and explained in detail why those factors point to an above-guidelines sentence. The court found that Barringer's vandalism was designed specifically to harass federal

officials. The court was particularly troubled that Barringer targeted cars parked at the federal courthouse even after serving a 27-month sentence for threatening his probation officer. That prior sentence, the court reasoned, had done nothing to deter Barringer. The court concluded that a 30-month sentence was necessary to stop Barringer from harassing federal employees, to protect the public from further crimes, and to give Barringer access to mental-health treatment and vocational training. Because the court gave ample reasons for Barringer's 30-month sentence, counsel correctly concludes that it would be frivolous to argue that the sentence is unreasonable.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.