NOT PRECEDENTIAL

UNITED STATE COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2270
_____

UNITED STATES OF AMERICA

v.

JOSEPH TOOKES,
                         Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-10-cr-00359-001)
District Judge: Honorable Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a)
December 15, 2011

Before: SLOVITER, VANASKIE, and GREENBERG *Circuit Judges*

(Filed: January 5, 2012)
_____

OPINION
_____

VANASKIE, *Circuit Judge*.

        Joseph Tookes was sentenced to 33 months' imprisonment and ordered to pay

$466,156.10 in restitution after pleading guilty in the Eastern District of Pennsylvania to

a nine-count indictment charging him with conspiracy to commit mail and wire fraud, in

violation of 18 U.S.C. § 1349; two counts of mail fraud, and aiding and abetting mail

fraud, in violation of 18 U.S.C. §§ 1341 and 2; and six counts of wire fraud, and aiding

and abetting wire fraud, in violation of 18 U.S.C. §§ 1343 and 2.

Tookes contends that the District Court erred in calculating his sentencing

guideline range when it determined the amount of loss caused by the scheme and when it

applied an enhancement for his role in the offense. Tookes also argues that his within

guideline range sentence of 33 months' imprisonment was substantively unreasonable

and that the restitution order of $466,156.10 should be reduced. We reject these

sentencing challenges and will affirm the judgment of the District Court.[1]

I.

We write primarily for the parties, who are familiar with the facts and procedural

history of this case. Accordingly, we will relate only those facts necessary to our

analysis.

From mid-2006 through early 2008, Tookes and two co-conspirators engaged in a

mortgage fraud scheme in connection with the purchase of residential properties in the

Philadelphia area. Tookes operated a company known as TNT Estates, which offered

construction and repair services for residential real estate. The scheme had several

elements common to virtually all of the charged fraudulent transactions: Tookes

purchased distressed properties and resold them to buyers he personally recruited; Tookes

submitted mortgage loan applications to PHH Mortgage (a mortgage company based in

Mount Laurel, New Jersey) on behalf of the buyers; the applications contained fraudulent

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to decide this appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

documents to improve the buyer's ability to obtain a large loan, including fake W-2 forms stating that the buyer was employed by TNT; Tookes provided all "up front" money to the buyers so that the buyers did not have to produce a down payment themselves; and Tookes inflated the amount of the mortgage loans sought from PHH Mortgage by including substantial fees for repairs to the property by his company. The property repairs were never made.

The indictment identified six fraudulent transactions that were part of this scheme. The mortgage holders ultimately defaulted on the loans and PHH Mortgage was forced to foreclose on the properties. TNT Estates made over $288,000 from these six loans.

In the pre-sentence report, Tookes was assigned a base offense level of 7 under U.S.S.G. § 2B1.1(a).[2] The probation officer calculated the total loss to be over $977,000 based on the six fraudulent transactions and eleven unindicted transactions that were considered relevant conduct for sentencing purposes, resulting in a 14-level increase. U.S.S.G. § 2B1.1(b)(1)(H). The probation officer also applied a 2-level enhancement for an aggravating role in the offense, finding that Tookes, through his company, TNT Estates, was an organizer, leader, and manager of the criminal activity. U.S.S.G. § 3B1.1(c). After a 3-level reduction for acceptance of responsibility, the final offense level was 20. Tookes had no prior convictions, placing him in Criminal History Category I, and ultimately resulting in an advisory guideline range of 33 to 41 months' imprisonment.

---

[2] The probation officer used the November 1, 2010 United States Sentencing Commission Guidelines Manual.

II.

A.

We review the District Court's factual finding regarding the amount of loss for clear error. *United States v. Dullum*, 560 F.3d 133, 137 (3d Cir. 2009). At the sentencing hearing, the District Court cited figures demonstrating that the losses associated with eight properties that had been resold (six of which were not in the indictment) exceeded $400,000. After initially objecting in its sentencing memorandum, defense counsel agreed with the District Court at the sentencing hearing that the loss from the liquidated properties alone was at least $400,000. In light of that fact, Tookes withdrew his objections to the loss calculation. Accordingly, the District Court properly applied a 14-level enhancement for the loss amount pursuant to U.S.S.G. § 2B1.1(b)(1)(H).[3]

B.

We exercise plenary review over the question of whether an award of restitution is permitted under law, and review a particular award of restitution under an abuse-of-

---

[3] Even if Tookes has not waived his challenge to the loss calculation, the District Court properly calculated the loss amount to include the unindicted transactions because a sentence shall be determined on the basis of all acts and omissions committed by the defendant "that were part of the same course of conduct or common scheme or plan as the offense of conviction." *See* U.S.S.G. § 1B1.3. We have consistently rejected the argument that only charged conduct may be grounds for a sentencing enhancement. *See United States v. Baird*, 109 F.3d 856, 863 (3d Cir. 1997) ("conduct not formally charged . . . can be considered at sentencing"); *United States v. Pollard*, 986 F.2d 44, 47 (3d Cir. 1993) ("the court may consider uncharged conduct in determining whether and how to apply upward or downward adjustments").

4

discretion standard.[4] *United States v. Badaracco*, 954 F.2d 928, 942 (3d Cir. 1992). After concluding that the losses associated with the eight liquidated properties exceeded $400,000, the District Court directed the government to provide more detailed information about the expenses for restitution purposes and adjourned the hearing. The government then submitted an itemized accounting of losses prepared by PHH Mortgage and Fannie Mae for the liquidated properties. With these figures, the District Court imposed a restitution order of $466,156.10 based on the total loss reported by the victims, which included the costs related to default, repairing the foreclosed properties, and marketing them for sale. In each instance, the reported loss was reduced by the amount of money the lenders were able to recoup from the sale of the property. After reviewing the figures with Tookes, his counsel confirmed that they had no objection. The District Court clearly did not abuse its discretion in imposing the restitution order.

C.

Section 3B1.1(c) of the Guidelines provides for a 2-level enhancement if the defendant was an organizer, leader, manager, or supervisor in any criminal activity that involved fewer than five participants. U.S.S.G. § 3B1.1(c). Because it presents a question of fact, we will affirm an upward adjustment under U.S.S.G. § 3B1.1 unless the application was clearly erroneous. *See United States v. Phillips*, 959 F.2d 1187, 1191 (3d

---

[4] An award of restitution "can only be based upon actual loss." *United States v. Feldman*, 338 F.3d 212, 216 (3d Cir. 2003). Restitution may be ordered only to victims who are "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered," and extends to those "harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2).

Cir. 1992). Factors indicating whether a defendant was an organizer or leader include: the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, and the degree of control and authority exercised over others. *See* U.S.S.G. § 3B1.1 cmt. n.4; *see also United States v. Gricco*, 277 F.3d 339, 358 (3d Cir. 2002).

Tookes devised and set in motion the fraud, recruited two co-conspirators to assist him, directed their actions, and maintained sole control of the assets and proceeds of the fraud. The District Court did not commit clear error by applying the 2-level aggravating role enhancement.

D.

A challenge to the substantive reasonableness of a sentence is reviewed under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence within the guideline range may be presumed reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007). We will not reverse a sentence as substantively unreasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Tookes repeatedly submitted or directed others to submit fraudulent loan applications to PHH Mortgage over the course of almost two years. The scheme caused PHH Mortgage and Fannie Mae to incur significant losses. Likewise, borrowers who were not financially equipped to handle the monthly mortgage payments were sometimes

6

forced to vacate their properties and suffered financial harm as a result. The District Court considered the fact that Tookes had no prior criminal record, posed little danger to the community, and showed remorse. However, the District Court weighed these considerations against the nature of, and ramifications flowing from, the offense conduct. We see no abuse of discretion in sentencing Tookes at the very bottom of the applicable guideline range.

III.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.